■ In the Matter of SEYMOUR JONES et al., Appellants, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Respondents. — An order and judgment of the Supreme Court, New York County (Ostrau, J.), entered January 28, 1982, dismissing the proceeding on the ground that it was not brought within the time limited by law, affirmed, without costs. Petitioners are police officers attached to the 101st Precinct. Each is an honorably discharged veteran of the Armed Forces of the United States. By section 63 of the Public Officers Law each is entitled to a leave of absence with pay for 24 hours on the 30th day of May, or such other day as may, according to law, be observed as Memorial Day, and the 11th day of November, known as Veterans' Day. The section further provides that "where such action would endanger the public safety or the safety or health of persons cared for by the state" another day may be substituted for the specified holiday. By section 249 of the Military Law each is entitled "so far as practicable" to a leave of absence with pay on July 4 of each year. Each of the petitioners reported for work on Memorial Day, 1980. Each was given an additional day off with pay. Three of the petitioners reported for work on Veterans' Day, 1980. As to petitioner Madero, Veterans' Day, 1980 was his regular day off. The three who reported for work were given

---

[*] The $4 maximum was recently raised to $7 but the $1.25 dishonor charge remains the same.

an additional day off with pay. In accordance with regulations of the police department each of the petitioners applied for extended vacation leave for 1980 for the period which encompassed Independence Day. Each was granted the vacation period requested. Thereupon each requested that he be granted July 4 as a military leave day or, in the alternative, that he be granted an additional day off with pay. The request was denied on or about July 20, 1980. In November, 1980 petitioners invoked the informal grievance machinery contained in the collective bargaining agreement between the Patrolmen's Benevolent Association and the police department. On March 13, 1981 the Office of Collective Bargaining dismissed the grievance on the ground that an alleged statutory violation is not a proper subject for the grievance procedure. On May 13, 1981, some 10 months after the determination sought to be reviewed, petitioners brought this proceeding. Special Term dismissed the petition upon the ground that it was not brought within the period mandated by CPLR 217. CPLR 217 requires that the proceeding "be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner". Here, the determination became final and binding on or about July 20, 1980 when the duly authorized officer of the police department rejected petitioners' application for an additional day off with pay in lieu of July 4. The statutory time limit prescribed by CPLR 217 is not tolled by the invocation of grievance procedures (*Matter of Queensborough Community Coll. of City Univ. of N. Y. v State Human Rights Appeal Bd.*, 41 NY2d 926, affg 49 AD2d 766). In holding as we do we expressly refrain from passing on the merit of the claim advanced by petitioners. We do no more than hold that this proceeding was not brought within the time limited by law. Concur — Kupferman, J. P., Sandler, Sullivan, Bloom and Kassal, JJ.