■ In the Matter of FELIPE GOMEZ, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [707 NYS2d 35] —Judgment, Supreme Court, New York County (William McCooe, J.), entered March 5, 1999, which, in a CPLR article 78 proceeding by a police officer to annul respondent Police Department's determination denying petitioner's request for permission to engage in off-duty employment as a professional boxer, granted respondents' cross-motion to dismiss the proceeding as time-barred, unanimously affirmed, without costs.

The motion court correctly held that the determination denying petitioner's request to engage in off-duty employment as a professional boxer became final and binding within the meaning of CPLR 217 (1) when petitioner was informed of the denial of his administrative appeal (*see, Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832; *cf., Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57). Petitioner's attempt to resort to contractual grievance procedures, rejected by respondent Police Commissioner on the ground that the matter does not involve a contractual right subject to the grievance process, did not toll the four-month limitations period (*see, Matter of Lubin v Board of Educ.*, 60 NY2d 974, *cert denied* 469 US 823; *Matter of Jones v McGuire*, 92 AD2d 788). In any event, the determination was not arbitrary and capricious. Under General Municipal Law § 208-d, a police officer may engage in off-duty employment provided, *inter alia*, it does not "affect his physical condition to the extent that it impairs his ability to efficiently perform [his or her regular] duties." Given this qualification, it cannot be said that the blanket prohibition against professional boxing apparently applied here is so lacking in reason as to be arbitrary (*see, New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 166). Concur—Rosenberger, J. P., Williams, Tom, Rubin and Buckley, JJ.