■ KAREN BOTTALICO, Appellant, v ADELPHI UNIVERSITY, Respondent. [749 NYS2d 734] —In an action, inter alia, to recover damages for breach of an implied contract, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Winick, J.), entered June 4, 2001, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint and dismissed the complaint, and (2) an order of the same court, dated October 9, 2001, which denied her motion for leave to reargue and renew.

Ordered that the appeal from so much of the order dated October 9, 2001, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment entered June 4, 2001, is affirmed; and it is further,

Ordered that the order dated October 9, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Contrary to the plaintiff's contentions, the Supreme Court properly determined that she should have brought a proceeding pursuant to CPLR article 78 against the defendant Adelphi University (hereinafter the university) to determine whether its decision to deny her admission to a doctoral psychology program "was arbitrary and capricious, irrational, made in bad faith or contrary to Constitution or statute" (*Matter of Susan M. v New York Law School,* 76 NY2d 241, 246). However, such a proceeding must be commenced within four months after the determination to be reviewed becomes final and binding (*see* CPLR 217). Accordingly, the plaintiff's grievance is time-barred since the instant action was commenced approximately eight months after the university rejected her application for admission. Thus, the Supreme Court properly dismissed the complaint.

In light of this determination, we need not reach the plaintiff's remaining contentions. Santucci, J.P., Feuerstein, O'Brien and Schmidt, JJ., concur.