■ RESAT KELES, Appellant, v TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Respondents. [903 NYS2d 18]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 17, 2009, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, with costs.

Although plaintiff styled his claims as based on contract and tort, none pertains to a specific enforceable promise or to negligence causing injury. In essence, plaintiff challenges Columbia's academic and administrative standards and decisions. "Strong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment" on core academic policy regarding a student's academic performance and examinations (*Matter of Susan M. v New York Law School*, 76 NY2d 241, 245 [1990]). While decisions of academic institutions are not immune from judicial scrutiny, review should be restricted to special proceedings under CPLR article 78, and only to determine whether the decision was arbitrary, capricious, irrational or in bad faith (see *Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999]; *Susan M.*, 76 NY2d at 246). Courts have repeatedly declined to become involved in the evaluation of academic performance, reflecting "the policy that the administrative decisions of educational institutions involve the exercise of highly specialized professional judgment [that] these institutions are, for the most part, better suited to make" (*Maas*, 94 NY2d at 92; see also *Matter of*

*Olsson v Board of Higher Educ. of City of N.Y.*, 49 NY2d 408, 413 [1980]).

This complaint is directed at such core academic determinations not cognizable in a breach of contract action: whether plaintiff's GPA was sufficient for him to continue as a teaching assistant, which subjects were properly included in his qualifying exam, whether an exam question reflected the course work, whether he was correctly determined to have failed a particular test, and whether the university improperly delayed in awarding him a degree. The court properly declined to convert the action to a special proceeding under article 78, since plaintiff's claims would have been barred by the four-month statute of limitations applicable thereto (*see Quintas v Pace Univ.*, 23 AD3d 246 [2005]). Concur—Mazzarelli, J.P., McGuire, DeGrasse, Freedman and Richter, JJ. **[Prior Case History: 2009 NY Slip Op 30865(U).]**