OPINION OF THE COURT
Andrias, J.
In this appeal, we consider to what extent, if any, plaintiffs claims against New York University (NYU) and three of its fac *271 ulty members may be brought in a plenary action, rather than a CPLR article 78 proceeding, and to what extent, if any, they survive defendants’ motion to dismiss.
NYU dismissed plaintiff from its Dental College, without the possibility of reinstatement, based on the finding of a Peer Review Board on Ethics and Professionalism, after a disciplinary hearing, that she forged a patient treatment record and presented multiple patient encounter forms that she knew to be false in order to obtain the Practice Model Values (PMV) credits she needed to graduate.[1] In response, plaintiff filed both an article 78 proceeding against NYU, seeking to annul her expulsion, and this plenary action against NYU and three of its faculty members, seeking, among other things, a decree that defendants violated the New York State Human Rights Law (Executive Law § 290 et seq.), the New York City Human Rights Law (Administrative Code of City of NY § 8-107 et seq.), and General Business Law §§ 349 and 350, an award of compensatory and punitive damages, and a preliminary and permanent injunction enjoining NYU from denying her a Doctor of Dental Surgery (DDS) degree.
Supreme Court denied the petition and dismissed the article 78 proceeding, finding that NYU substantially complied with the guidelines and procedures set forth in the university’s Code of Ethics in effect at the time of the disciplinary proceedings and that the penalty of expulsion was not so disproportionate as to shock the conscience (30 Misc 3d 1220[A], 2011 NY Slip Op 50131[U] [Sup Ct, NY County 2011]). The court then dismissed this plenary action “based on the dismissal of the claims asserted in the Article 78 proceeding, which was the proper vehicle to challenge the university’s decision to expel [plaintiff],” adding that “an analysis of the sixteen causes of action asserted here necessarily leads to the same result” (id. at *8).
On appeal, this Court reversed and granted the article 78 petition on the ground that NYU did not substantially comply with its own published guidelines and policies relating to disciplinary proceedings, regardless of whether its 2009 or 2005 Code of Ethics applied, and that plaintiff was not afforded substantial justice (99 AD3d 502 [1st Dept 2012], appeal dismissed 20 NY3d 1004 [2013]) (Kickertz I). Among other things, we found, based on our review of the record of the administrative proceedings submitted to us, that in violation of both the *272 2009 and 2005 codes, plaintiff was not given a fair opportunity to cross-examine her accusers and that key procedural rulings were made and/or influenced by a Dean of the Dental College. We also stated that even if NYU had substantially complied with its own guidelines and policies, we would find that the penalty of expulsion shocked our sense of fairness because, among other things, plaintiffs academic performance was exemplary, and this incident was at worst a single lapse in judgment in the face of extraordinary pressure created by NYU’s waiting until the night before graduation to inform plaintiff of her PMV deficiency and its frustration of her efforts to obtain the needed PMV credits.[2] We now find that Supreme Court erred when it dismissed the plenary action in its entirety, and we modify to grant plaintiff leave to replead the fifth, ninth and eleventh through fourteenth causes of action in order to clarify the scope of her allegations, and to remedy, to the extent the facts and circumstances permit, the deficiencies in the complaint, thereby retaining the cognizable causes of action and excising all claims that either must be brought in an article 78 proceeding or are not sustainable for other reasons (stated herein).
“Judicial review of an academic institution’s disciplinary determinations is limited to whether it substantially adhered to its own published rules and guidelines and whether the determinations are based on a rational interpretation of the relevant evidence” (Kickertz I, 99 AD3d at 507 [internal quotation marks omitted]). Thus, to the extent plaintiffs causes of action are, in essence, a challenge to the determination to expel her, she was only entitled to article 78 review (see e.g. Maas v Cornell Univ., 94 NY2d 87 [1999]; Padiyar v Albert Einstein Coll. of Medicine of Yeshiva Univ., 73 AD3d 634 [1st Dept 2010], lv denied 15 NY3d 708 [2010]), and the filing of the article 78 proceeding mandated the dismissal of the plenary action insofar as it raised such claims (see Mt. Sinai Med. Ctr. v Empire Blue Cross & Blue Shield, 282 AD2d 207 [1st Dept 2001]). Conversely, to the extent the gravamen of plaintiffs causes of action is not a challenge to the decision to expel her and is not duplicative of the petition’s allegations, she is not limited to article 78 review and may seek damages in a plenary action (see Wander v St. *273 John’s Univ., 99 AD3d 891, 893 [2d Dept 2012]; Wharry v Lindenhurst Union Free School Dist., 65 AD3d 1035 [2d Dept 2009]).
Plaintiff argues that the complaint should not have been dismissed because she alleges that before the disciplinary proceeding was initiated, defendants engaged in false and misleading advertising of the DDS program, breached contractual promises to her, defamed her, discriminated against her, and engaged in other tortious conduct. Each of these claims must be analyzed to determine whether it is limited to article 78 review and, if not, whether plaintiff stated a viable cause of action.
In her first cause of action, plaintiff alleges that in the spring of 2005, in violation'of sections 349 and 350 of the General Business Law, NYU misled prospective students by failing to disclose that it had decided to impose a new PMV requirement starting in the fall semester of the 2005-2006 academic year, and that had she known of this requirement she would not have enrolled at NYU.
General Business Law § 349 (a) declares unlawful “[deceptive acts or practices in the conduct of any business.” To state a section 349 cause of action, a plaintiff must allege that the defendant’s challenged act was consumer-oriented and materially misleading and resulted in injury to the plaintiff (Stutman v Chemical Bank, 95 NY2d 24, 29 [2000]). The standard for recovery under General Business Law § 350, while specific to false advertising, is otherwise identical to that under section 349 (Denenberg v Rosen, 71 AD3d 187, 194 [1st Dept 2010], lv dismissed 14 NY3d 910 [2010]).
Although plaintiffs General Business Law §§ 349 and 350 claim does not challenge NYU’s decision to expel her, it was correctly dismissed because plaintiff cannot establish that NYU had a duty to describe every aspect of its prospective graduation requirements and potential future curriculum changes in the dental program to applicants in precise detail. “Implicit in a university’s general contract with its students is a right to change the academic degree requirements, provided that such changes are not arbitrary and capricious” (Babiker v Ross Univ. Sch. of Medicine, 2000 WL 666342, *6, 2000 US Dist LEXIS 6921, *22 [SD NY 2000], affd 86 Fed Appx 457 [2d Cir 2004]; Delta Kappa Epsilon Alumni Corp. v Colgate Univ., 11 Misc 3d 1060[A], 2006 NY Slip Op 50327[U], *3-4 [Sup Ct, Madison County 2006], affd 38 AD3d 1041 [3d Dept 2007]). NYU had the *274 right to implement the PMV requirement, designed in part to provide students with practical experience, without advertising all relevant details to prospective students.
In her second cause of action, plaintiff alleges that NYU breached its contractual agreement to provide her with a DDS degree in consideration of her payment of tuition by imposing new graduation requirements without adequate notice, failing to take the steps required to assist her in obtaining the degree, and dismissing her from the DDS program in violation of the Code of Ethics. She seeks specific performance in the form of an award of her DDS degree and the damages she suffered as a result of the alleged breach.
As a preliminary matter, contrary to plaintiff’s contention, NYU’s decision to deny her a degree was not based on purely financial considerations, and she does not fall with the ambit of Eidlisz v New York Univ. (15 NY3d 730, 732 [2010] [if the decision to deny a student a degree is based on purely financial considerations, the student may bring a breach of contract action instead of an article 78 proceeding]). Thus, to the extent plaintiffs breach of contract claim challenges NYU’s decision to expel her based on a violation of its disciplinary rules and seeks specific performance in the form of an award of a DDS degree, it is “not cognizable in a breach of contract action” (see Keles v Trustees of Columbia Univ. in the City of N.Y., 74 AD3d 435, 436 [1st Dept 2010], lv denied 16 NY3d 890 [2011], cert denied 565 US —, 132 S Ct 255 [2011]).
To the extent plaintiffs breach of contract claim is based on the imposition of new graduation requirements, it is not sustainable (see Owens v Parrinello, 365 F Supp 2d 353, 358 [WD NY 2005] [a change in graduation requirements does not amount to a breach of the implied contract]). Nor do we discern any actionable contract claim based upon defendants’ alleged failure to give plaintiff Student Progress Reports every three months as well as a “Patient roster,” and “monthly target levels” to help her “stay on track.” These grievances, while couched in terms of a violation of a contractual right, challenge the adequacy of NYU’s teaching methods and the failure to award plaintiff a degree, and do not state a cognizable contract action (Maas, 94 NY2d at 93; Keles, 74 AD3d at 436).
The third cause of action, breach of the implied duty of good faith and fair dealing, is asserted only against NYU. It alleges that NYU engaged in bad faith conduct by implementing and enforcing its contract with plaintiff, including the Code of Eth *275 ics, selectively, allowing male students to obtain their DDS degrees despite findings that they cheated, but denying plaintiff her degree even though she ultimately generated the required amount of PMV fees. This is in essence a challenge to NYU’s decision to expel plaintiff, which is subject to article 78 review.
The fourth cause of action, asserted against all defendants, alleges tortious interference with plaintiff’s “contract with Boston University to deliver dental services to patients,” and her “prospective business relationship with Boston University and several dental patients in the Boston metropolitan area.”
To establish a claim of tortious interference with contract, “the plaintiff must show the existence of its valid contract with a third party, defendant’s knowledge of that contract, defendant’s intentional and improper procuring of a breach, and damages” White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]). To state a cause of action for tortious interference with prospective contractual relations, the plaintiff must allege that the defendant directly interfered with a third party and either employed wrongful means or acted “for the sole purpose of inflicting intentional harm on [the] plaintiff! ]” (Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004] [internal quotation marks omitted]). Supreme Court correctly dismissed these claims because they do little more than challenge NYU’s expulsion decision and fail to allege any independent tort. “Not only is [plaintiff] confronted with the public policy restraints against judicial interference with the judgment of professional educators, but conclusory allegations . . . that a defendant maliciously and deceitfully interfered with the consummation of a contract[ ] are clearly insufficient” (Gertler v Goodgold, 107 AD2d 481, 490 [1st Dept 1985] [citation and internal quotation marks omitted], affd 66 NY2d 946 [1985]).
The fifth cause of action, asserted against all defendants, alleges defamation, based on statements made by faculty members to the investigating panel. Although not a challenge to plaintiffs expulsion, the statements allegedly made by defendants Hershkowitz and Cornejo were not defamatory, since they did not subject plaintiff “to the scorn and contempt of the community” (Herlihy v Metropolitan Museum of Art, 214 AD2d 250, 260 [1st Dept 1995]), or have a tendency to disparage her in her profession, trade or business (see id. at 261). Therefore, the fifth cause of action was correctly dismissed as against those two defendants.
Several of the statements allegedly made by defendant Meeker, however, were defamatory, e.g., that plaintiff was *276 completely absent from the clinic for about five days before graduation, that she was supposed to meet him three or four weeks before graduation to check graduation requirements but did not do so, and that she told Meeker that she knew she was deficient but she thought she did not have to fulfill her PMV requirement. Although the statements may turn out to be protected by the common interest privilege, plaintiff has sufficiently pleaded malice, i.e., “that the statements [were] made with [a] high degree of awareness of their probable falsity” (see Liberman v Gelstein, 80 NY2d 429, 438 [1992] [internal quotation marks omitted]).
Accordingly, plaintiff is granted leave to replead the fifth cause of action for defamation, as limited herein.
The sixth cause of action alleges negligence, as against all defendants. It alleges that “[t]he faculty and administration of NYU’s dental program . . . owed a duty to Plaintiff not to hire and retain negligent faculty such as Dr. Meeker and Mr. Cornejo.” To the extent plaintiff alleges that NYU’s negligent administration of its DDS program caused her nervous breakdown, that is a separate issue from expulsion. However, there is no cause of action in New York for educational malpractice, which is the gist of this claim (see e.g. Hoffman v Board of Educ. of City of N.Y., 49 NY2d 121, 125 [1979]; Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 899 [2d Dept 2010]).
The seventh and eighth causes of action, which allege negligent misrepresentation/infliction of emotional distress and fraud respectively, as against NYU, do not challenge plaintiffs expulsion. However, they are based on a failure to disclose, and must be dismissed for the same reasons as the false advertising claims were dismissed. Further, as to negligent misrepresentation, there was no special relationship between the parties that created a duty to impart correct information, or a misrepresentation extraneous to the alleged contract itself (see Kimmell v Schaefer, 89 NY2d 257 [1996]). As to negligent infliction of emotional distress, beyond the title of the seventh cause of action, no reference is made to the claim.
The ninth cause of action alleges unjust enrichment, as against NYU. To the extent it is based on the allegation that plaintiff “conferred a benefit upon NYU by paying tuition and fees to NYU in purported exchange for a DDS degree under the terms and conditions advertised to her in 2005,” it challenges NYU’s determination to expel her, and belonged in the article 78 proceeding. Moreover, this aspect of the claim was properly *277 dismissed “because the matter is controlled by contract” (Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572 [2005]). However, NYU was unjustly enriched to the extent it forced plaintiff to perform free dental services through the end of June 2009, after she fulfilled her PMV quota on June 8, and failed to refund the $200 in cash and part of the $1,850 in credit that she originally paid for PMV before legitimately earning $2,007 of PMV The contract between plaintiff and NYU does not cover these items, but it would be “against equity and good conscience to permit the defendant to retain what is sought to be recovered” (Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972], cert denied 414 US 829 [1973]). Accordingly, plaintiff is granted leave to replead the ninth cause of action, as limited herein.
The tenth cause of action, asserted against Meeker, alleges prima facie tort. It is based on the allegation that Meeker, who became plaintiffs group practice director in 2007, “maliciously” undertook to harm plaintiff and cause her emotional distress.
To state a cause of action for prima facie tort, the plaintiff must allege “(1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful” (Freihofer v Hearst Corp., 65 NY2d 135, 142-143 [1985]). There can be no recovery under this theory “unless malevolence is the sole motive for defendant’s otherwise lawful act or, in [other words], unless defendant acts from disinterested malevolence” (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333 [1983] [internal quotation marks omitted]). “[P]rima facie tort was designed to provide a remedy for intentional and malicious actions that cause harm and for which no traditional tort provides a remedy, and not to provide a catchall alternative for every cause of action which cannot stand on its legs” (Bassim v Hassett, 184 AD2d 908, 910 [3d Dept 1992] [internal quotation marks omitted]).
To the extent plaintiff complains of those of Meeker’s actions that contributed to her expulsion, the claim belongs in the article 78 proceeding. To the extent she is claiming that Meeker’s actions led to her nervous breakdown, that is separate from expulsion. However, the complaint’s allegations are insufficient to state a cause of action for prima facie tort on this basis. Nor does plaintiff state a claim for intentional infliction of emotional distress. The conduct alleged by plaintiff was not “so outrageous in character, and so extreme in degree, as to go *278 beyond all possible bounds of decency . . . and [was not] utterly intolerable in a civilized community” (see Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue, 11 NY3d 15, 22-23 [2008] [internal quotation marks omitted]; see also Howell v New York Post Co., 81 NY2d 115, 122 [1993]).
The eleventh through fourteenth causes of action, asserted against all defendants, are for sex and disability discrimination in violation of New York State and City law. Where the allegedly discriminatory acts are directly related to the academic or disciplinary determinations made by defendants, or to the procedures followed in reaching those determinations, they must be brought in an article 78 proceeding, rather than a plenary action (see Gary v New York Univ., 48 AD3d 235 [1st Dept 2008]). In contrast, where the causes of action against a college or university alleging violations of the New York State Human Rights Law and the New York City Human Rights Law relate to nonacademic matters, they are not limited to article 78 review (see Wander v St. John's Univ., 99 AD3d at 893).
Applying these principles, to the extent plaintiff’s sex discrimination claims are based on the allegations that she “was dismissed from the DDS program under conditions under which male dental students have been retained and graduated in the recent past,” and that NYU failed to accommodate her anxiety, depression, and anorexia during the disciplinary process, these claims should have been brought in the article 78 proceeding. To the extent they are based on allegations that are not related to the disciplinary determination, such as that “[p]laintiff was . . . subject to discrimination within NYU’s DDS program on the basis of her female sex,” that “NYU . . . provided disproportionately more assistance in making employment opportunities available to male students than females,” and that Meeker transferred plaintiff’s patients “to male students favored by him,” they may be brought in a plenary action.
Supreme Court dismissed plaintiff’s discrimination claims because plaintiff did not show that she was “otherwise qualified” to graduate since she admittedly falsified patient treatment records and thereby violated the ethical code (see Brown v Einstein Coll. of Medicine of Yeshiva Univ., 172 AD2d 197 [1st Dept 1991]). However, given that the disciplinary determination has been overturned by this Court, it would be premature to dismiss the discrimination claims on these grounds. Although hearsay statements in the disciplinary report indicate that *279 plaintiff admitted that she forged a patient treatment record and presented multiple patient encounter forms that she knew to be false in order to obtain the PMV credits she needed to graduate, plaintiff asserts that she did not make fraudulent entries on patient charts and that she drafted billing forms as instructed by defendants.
Accordingly, plaintiff is granted leave to replead the eleventh through fourteenth causes of action, as limited herein.
The fifteenth cause of action alleges negligent infliction of emotional distress, as against all defendants. This too is in essence a challenge to NYU’s decision to expel plaintiff, and is therefore subject to article 78 review.
The sixteenth cause of action alleges that defendants agreed and conspired to defame plaintiff, and to engage in negligent misrepresentations and tortious interference, and that they did these things “with the specific intent of harming Plaintiff, and maliciously interfering with her existing contracts and prospective business relationships.” This claim was correctly dismissed because New York does not recognize an independent tort cause of action for civil conspiracy (see Montan v Saint Vincent’s Catholic Med. Ctr., 81 AD3d 431 [1st Dept 2011], lv dismissed 17 NY3d 872 [2011]).
Accordingly, the order of the Supreme Court, New York County (Alice Schlesigner, J.), entered February 14, 2011, which, insofar as appealed from, granted defendants’ motion to dismiss the amended complaint, should be modified, on the law and on the facts and in the exercise of discretion, to allow plaintiff to replead, as limited herein, the fifth cause of action (defamation), the ninth cause of action (unjust enrichment), and the eleventh through fourteenth causes of action (sex and disability discrimination in violation of the New York State Human Rights Law and the New York City Human Rights Law), and otherwise affirmed, without costs.
Gonzalez, EJ., Saxe, DeGrasse and Gische, JJ., concur.
Order, Supreme Court, New York County, entered February 14, 2011, modified, on the law and on the facts and in the exercise of discretion, to allow plaintiff to replead, as limited herein, the fifth cause of action (defamation), the ninth cause of action (unjust enrichment), and the eleventh through fourteenth causes of action (sex and disability discrimination in violation of the New York State Human Rights Law and the New York City Human Rights Law), and otherwise affirmed, without costs.

. The PMV program required students to meet defined production level/ goals, or, in other words, to generate a specified amount of revenue for NYU.

. The dissent in Kickertz I agreed that dismissal of the petition was error but believed that CPLR 7804 (f) required us to permit respondent to submit an answer and to remand the matter to Supreme Court for further proceedings.