■ Rachel H. Peterman, Appellant, v New York College of Traditional Chinese Medicine et al., Respondents, et al., Defendants. [9 NYS3d 870]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered March 8, 2013, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the cause of action for negligence, and order, same court and Justice, entered on or about July 25, 2013, which, upon renewal and reargument, adhered to the determination on the original motion, unanimously affirmed, without costs.

Plaintiff alleges that defendants were negligent in their preparation, provision and grading of a written final examination required for her to obtain a degree upon the completion of all course work. These allegations go to the core of defendants' substantive evaluation of plaintiff's academic performance and are therefore beyond judicial review (*Matter of Susan M. v New York Law School*, 76 NY2d 241 [1990]). Judicial review of the decisions of academic institutions as to their students' academic performance is limited, pursuant to CPLR article 78, to whether the decision was arbitrary and capricious, irrational or in bad faith (*id.* at 246; *Keles v Trustees of Columbia Univ. in the City of N.Y.*, 74 AD3d 435 [1st Dept 2010], *lv dismissed* 16 NY3d 890 [2011], *cert denied* 565 US —, 132 S Ct 255 [2011]). Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.