■ Resat Keles, Appellant, v Jerry M. Hultin et al., Respondents. [42 NYS3d 235]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Sweeney, J.), dated August 28, 2013, as granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint to the extent of directing the dismissal of the complaint except insofar as it related to services allegedly performed by the plaintiff involving a poster and other recruitment materials.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, formerly a graduate student at the university now known as Polytechnic Institute of New York University,

commenced this action against the university's Board of Trustees and certain university employees. The complaint alleged, inter alia, that the defendants awarded the plaintiff a "lower-status" Master's degree than the one he attained, improperly refused to permit him to register to complete his course work toward a doctorate degree, and failed to compensate him for the work he performed in designing and printing a poster and other recruitment materials for the university. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint. The Supreme Court granted the motion except insofar as it sought dismissal of the portion of the complaint relating to services allegedly performed by the plaintiff involving the poster and other recruitment materials. The plaintiff appeals.

The courts of this State "have long been reluctant to intervene in controversies involving purely academic determinations" (*Matter of Zanelli v Rich*, 127 AD3d 774, 775 [2015]), and thus "[c]ourts retain a 'restricted role' in dealing with and reviewing controversies involving colleges and universities" (*Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999], quoting *Gertler v Goodgold*, 107 AD2d 481, 487 [1985]). "While decisions of academic institutions are not immune from judicial scrutiny, review should be restricted to special proceedings under CPLR article 78, and only to determine whether the decision was arbitrary, capricious, irrational or in bad faith" (*Keles v Trustees of Columbia Univ. in the City of N.Y.*, 74 AD3d 435, 435 [2010]).

Contrary to the plaintiff's contention, the Supreme Court properly determined that most of his claims are not cognizable in a breach of contract action (*see Maas v Cornell Univ.*, 94 NY2d at 92; *Matter of Zanelli v Rich*, 127 AD3d at 775; *Keles v Trustees of Columbia Univ. in the City of N.Y.*, 74 AD3d at 436). Although the Supreme Court had the authority to convert the plaintiff's action into a proceeding pursuant to CPLR article 78 (*see* CPLR 103 [c]), the court did not err in failing to do so, since the plaintiff's claims would have been barred by the four-month statute of limitations (*see* CPLR 217) applicable to such a proceeding (*see Keles v Trustees of Columbia Univ. in the City of N.Y.*, 74 AD3d at 436). Accordingly, the Supreme Court properly directed dismissal of the complaint, except insofar as it related to services allegedly performed by the plaintiff involving the poster and other recruitment materials (*see Bottalico v Adelphi Univ.*, 299 AD2d 443 [2002]). Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.