■ Aqil Sarwar, Appellant, v New York College of Osteopathic Medicine of New York Institute of Technology, Respondent. [54 NYS3d 96]—

Appeal from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered January 29, 2015. The order, insofar as appealed from, granted that branch of the defend-

ant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2007, the plaintiff enrolled as a medical student at the defendant New York College of Osteopathic Medicine of New York Institute of Technology (hereinafter the Medical School). In February 2008, after the plaintiff failed two of three courses during the first semester, the Medical School dismissed him from the medical program. In February 2014, the plaintiff commenced this action alleging breach of contract and unjust enrichment based upon his allegedly improper dismissal from the medical program. The Medical School moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint, contending that since the claims implicated its core academic decisions, the plaintiff was required to have raised them in a CPLR article 78 proceeding commenced within four months of his dismissal. The Supreme Court granted that branch of the motion, and the plaintiff appeals.

"Strong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance" (*Matter of Susan M. v New York Law School*, 76 NY2d 241, 245 [1990]). Although decisions made by educational institutions as to academic issues are not completely beyond the scope of judicial scrutiny, review is restricted to special proceedings under CPLR article 78, and only to determine whether the decision was arbitrary, capricious, irrational, or in bad faith (*see Keles v Hultin*, 144 AD3d 987, 988 [2016]; *Matter of Zanelli v Rich*, 127 AD3d 774, 775 [2015]; *Keles v Trustees of Columbia Univ. in the City of N.Y.*, 74 AD3d 435 [2010]).

Here, since the plaintiff is, in essence, challenging the Medical School's academic decisions, the Supreme Court correctly determined that he should have sought review in the context of a proceeding pursuant to CPLR article 78 (*see Maas v Cornell Univ.*, 94 NY2d 87, 92-93 [1999]; *Miyahara v Majsak*, 117 AD3d 812, 813 [2014]; *Gary v New York Univ.*, 48 AD3d 235, 236 [2008]). Contrary to the plaintiff's contentions, the court properly declined to convert this action into a proceeding pursuant to CPLR article 78 (*see* CPLR 103 [c]) since the plaintiff's claims would have been barred by the four-month statute of limitations applicable to such a proceeding (*see* CPLR 217; *Keles v Hultin*, 144 AD3d at 988; *Keles v Trustees of Columbia Univ. in the City of N.Y.*, 74 AD3d at 436). As the plaintiff commenced this action approximately six years after he was

dismissed from the medical program, the court properly granted that branch of the Medical School's motion which was to dismiss the complaint as time-barred (*see Miyahara v Majsak*, 117 AD3d at 813; *Frankel v Yeshiva Univ.*, 37 AD3d 760, 760 [2007]). Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.