Appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated September 25, 2015. The order granted the defendant’s motion pursuant to CPLR 3211 (a) to dismiss the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 In 2008, the plaintiff enrolled as a graduate student in a Master’s degree program in psychological counseling at the defendant, Teachers College, Columbia University (hereinafter Teachers College). The plaintiff received a failing grade in an elective course during her second semester, and Teachers College dismissed her from the program in May 2009. In February 2015, the plaintiff commenced this action, asserting causes of action alleging breach of contract and breach of the covenant of good faith and fair dealing, among others. Teachers College moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, contending that the plaintiff was required to have raised her claims in a CPLR article 78 proceeding commenced within four months of her dismissal from the program. In an order dated September 25, 2015, the Supreme Court granted Teachers College’s motion. The plaintiff appeals.
 

 “ ‘Strong policy considerations militate against the intervention of courts in controversies relating to an educational institution’s judgment of a student’s academic performance’ ” (Sarwar v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 150 AD3d 913, 914 [2017], quoting Matter of Susan M. v New York Law School, 76 NY2d 241, 245 [1990]). “Unlike disciplinary actions taken against a student, institutional assessments of a student’s academic performance, whether in the form of particular grades received or actions taken because a student has been judged to be scholastically deficient, necessarily involve academic determinations requiring the special expertise of educators” (Matter of Susan M. v New York Law School, 76 NY2d at 245 [citation omitted]; see Maas v Cornell Univ., 94 NY2d 87, 92 [1999]). “Although decisions made by educational institutions as to academic issues are not completely beyond the scope of judicial scrutiny, review is restricted to special proceedings under CPLR article 78, and only to determine whether the decision was arbitrary, capricious, irrational, or in bad faith” (Sarwar v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 150 AD3d at 914; see Eidlisz v New York Univ., 15 NY3d 730, 731-732 [2010]; Keles v Hultin, 144 AD3d 987, 988 [2016]; Matter of Zanelli v Rich, 127 AD3d 774, 775 [2015]; Keles v Trustees of Columbia Univ. in the City of N.Y., 74 AD3d 435, 435 [2010]).
 

 Here, the plaintiff’s complaint challenged her dismissal from Teachers College following her receipt of a failing grade in the elective course. This is an academic determination for which the plaintiff should have sought review in the context of a proceeding pursuant to CPLR article 78 (see Sarwar v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 150 AD3d at 914; see also Matter of Susan M. v New York Law School, 76 NY2d 241 [1990]). Since the plaintiff’s claims would have been barred by the four-month statute of limitations applicable to such a proceeding (see CPLR 217), the Supreme Court properly granted Teachers College’s motion to dismiss the complaint on the ground that it was time-barred (see Sarwar v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 150 AD3d at 914-915; Frankel v Yeshiva Univ., 37 AD3d 760 [2007]).
 

 The plaintiff’s remaining contentions either need not be reached in light of our determination or are without merit.
 

 Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.