Donoso v New York Univ. (2018 NY Slip Op 02572)





Donoso v New York Univ.


2018 NY Slip Op 02572


Decided on April 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2018

Sweeny, J.P., Renwick, Mazzarelli, Kahn, Gesmer, JJ.


6291 100228/16

[*1]Esteban Donoso, Plaintiff-Appellant,
v
New York University, Defendant-Respondent.


Law Offices of Michael Dachs, New York (Michael Dachs of counsel), for appellant.
Jeffrey Metzler, New York, for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about January 11, 2017, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1), (5) and (7), unanimously affirmed, without costs.
Plaintiff, an Ecuadorian attorney, applied for admission to the Doctor of Juridical Science (JSD) program at defendant's School of Law and was admitted instead to the Master of Laws (LLM) program. The application instructions stated that admission to the LLM program did "not guarantee or assure admission to the J.S.D. program." While enrolled in the LLM program, plaintiff applied again to the JSD program and was admitted. He then signed a "Graduate Division Intention to Enroll" form stating, in pertinent part, "I understand that my admission and enrollment is conditional upon the continued excellence in my LLM coursework." Plaintiff's GPA dropped in his second semester, and in June 2015 defendant "withdrew" him from the JSD program. Plaintiff initiated a voluntary student grievance and, about four months after the grievance was denied, commenced this action alleging breach of contract, fraud, and violation of General Business Law § 349. After defendant moved to dismiss, plaintiff filed an amended complaint adding a promissory estoppel claim and a claim for violation of civil rights pursuant to 42 USC § 1983.
In its motion to dismiss, defendant addressed the amended complaint, which plaintiff filed at the same time as his opposition to the motion (see Sage Realty Corp. v Proskauer Rose, 251 AD2d 35, 38 [1st Dept 1998]). Under the circumstances, since the additional causes of action were essentially a "repackaging" of the original claims, the court providently exercised its discretion in denying plaintiff's request to submit a sur-reply (see DiPasquale v Security Mut. Life Ins. Co. of N.Y., 293 AD2d 394, 395 [1st Dept 2002]).
Regardless of how plaintiff frames his complaint, all his claims challenge defendant's academic determination to withdraw his admission to the JSD program and therefore should have been brought via an article 78 proceeding (see Peterman v New York Coll. of Traditional Chinese Medicine, 129 AD3d 474 [1st Dept 2015]; Alrqiq v New York Univ., 127 AD3d 674 [1st Dept 2015], lv denied 27 NY3d 910 [2016]; Keles v Trustees of Columbia Univ. in the City of N.Y., 74 AD3d 435, 436 [1st Dept 2010], lv dismissed 16 NY3d 890 [2011], cert denied 565 US 884 [2011]).
The four-month statute of limitations applicable to article 78 proceedings (CPLR 217[1]) was not tolled by plaintiff's invocation of defendant's voluntary student grievance procedure (see Matter of Bargstedt v Cornell Univ., 304 AD2d 1035, 1036 [3d Dept 2003]; Matter of Jones v McGuire, 92 AD2d 788, 789 [1st Dept 1983]; see also Matter of Queensborough Community Coll. of City Univ. of N.Y. v State Human Rights Appeals Bd., 41 NY2d 926, 926 [1977] [limitation period is not tolled "by the invocation of (a) grievance procedure which is merely an alternative remedy"]). Since this action was commenced some eight months after plaintiff was notified of defendant's decision to withdraw him from the JSD program, it is time-barred.
To the extent the fraud, General Business Law § 349, and promissory estoppel claims are [*2]based on allegations that defendant's application instructions are misleading concerning the requirements for admission to the JSD program, the claims were correctly dismissed, because the allegations are refuted by the documents themselves, which are referenced and quoted in the amended complaint, and plaintiff could not reasonably have relied on any implication that he would be admitted (see Gomez-Jimenez v New York Law Sch., 103 AD3d 13 [1st Dept 2012], lv denied 20 NY3d 1093 [2013]).
The claim alleging a violation of plaintiff's civil rights (42 USC § 1983) was correctly dismissed, because defendant, a private university, was not acting under "color of state law" (see American Mfrs. Mut. Ins. Co. v Sullivan, 526 US 40, 49-50 [1999]; Kahn v New York Univ. Med. Ctr., 328 Fed Appx 758 [2nd Cir 2009]; Consumers Union of U.S., Inc. v State of New York, 5 NY3d 327, 347 n 14 [2005]; Under 21, Catholic Home Bur. for Dependent Children v City of New York, 65 NY2d 344, 361—362 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 17, 2018
CLERK