Matter of De Jesus v Teachers Coll. (2018 NY Slip Op 06186)





Matter of De Jesus v Teachers Coll.


2018 NY Slip Op 06186


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Sweeny, J.P., Manzanet-Daniels, Tom, Gesmer, JJ.


7137 100053/16

[*1]In re Ivan De Jesus, Petitioner-Appellant,
v
Teachers College, et al., Respondents-Respondents.


Stewart Lee Karlin Law Group P.C., New York (Natalia Kapitonova of counsel), for appellant.
Nixon Peabody LLP, Jericho (Tony G. Dulgerian of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered April 26, 2017, which granted respondents' motion pursuant to CPLR 3211 and 7804(f) to deny the petition and dismiss the proceeding brought by petitioner pursuant to CPLR article 78 seeking an order annulling respondents' determination, dated November 25, 2015, terminating petitioner's enrollment in a Ph.D. program, unanimously affirmed, without costs.
The record establishes that respondents reasonably accommodated the known aspects of petitioner's learning disability by granting him, among other accommodations, double the amount of time (six hours) for a certification exam, with an additional hour for lunch to be used at his discretion. There is no record that respondents were ever apprised, until months after petitioner had twice unsuccessfully sat for the exam, that the resulting length of the test could exacerbate petitioner's disability through fatigue. Petitioner thus failed to meet his burden, under the Americans with Disabilities Act (ADA), of showing that the additional accommodations he sought (i.e., to take the exam home or split the six hours over two days) were facially reasonable (see Dean v University at Buffalo Sch. of Medicine & Biomedical Sciences, 804 F3d 178, 190 [2d Cir 2015]). Moreover, the record establishes that respondents met their duty, in advance of both administrations of the exam, to engage in an interactive dialogue with petitioner (see McBride v BIC Consumer Prods. Mfg. Co., 583 F3d 92, 99-101 [2d Cir 2009]).
Petitioner's claim for breach of implied contract also fails, as respondents' determination that petitioner did not pass the exam (and the resulting termination from the program) was rationally based in the record and, as an academic evaluation, is beyond further review (see Matter of Susan M. v New York Law
School, 76 NY2d 241, 245-246 [1990]; Peterman v New York Coll. of Traditional Chinese Medicine, 129 AD3d 474, 475 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK