People v Lsekenegbe (2020 NY Slip Op 00124)





People v Lsekenegbe


2020 NY Slip Op 00124


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2017-09966
 (Index No. 2472/17)
[*1]In the Matter of Jasmine Cherry, appellant,
v
v
Thomas A. Lsekenegbe, et al., respondents.
 
 
Jasmine Cherry, Brooklyn, NY, appellant pro se.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Dona B. Morris of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated September 15, 2017. The judgment denied the petition and dismissed the proceeding/action.
ORDERED that the judgment is affirmed, without costs or disbursements.
Judicial review of decisions made by educational institutions as to academic issues is restricted to special proceedings under CPLR article 78, and only to determine whether the decision was arbitrary, capricious, irrational, or in bad faith (see Sarwar v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 150 AD3d 913, 914; Keles v Hultin, 144 AD3d 987, 988). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431; see Matter of Aponte v Olatoye, 30 NY3d 693, 698). "Further, courts must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" (Matter of Peckham v Calogero, 12 NY3d at 431; see Matter of Aponte v Olatoye, 30 NY3d at 698).
Here, the challenged policy of the respondent City University of New York Bronx Community College precluding admission to any student who has an outstanding balance owed to any school within the City University of New York system is neither arbitrary nor capricious. Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding/action.
The petitioner/plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court