LaGuardia Community Coll. Paramedic Class 23 Student John Ciafone v City of New York (2023 NY Slip Op 01784)

LaGuardia Community Coll. Paramedic Class 23 Student John Ciafone v City of New York

2023 NY Slip Op 01784

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-03598
 (Index No. 707128/19)

[*1]LaGuardia Community College Paramedic Class 23 Student John Ciafone, appellant, 
v
City of New York, et al., respondents, et al., defendants.

John J. Ciafone, named herein as LaGuardia Community College Paramedic Class
23 Student John Ciafone, Astoria, NY, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Shweder and Barbara Graves-Poller of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, in effect, seeking review of an academic determination made by an educational institution, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered March 3, 2020. The order, insofar as appealed from, granted the motion of the defendants City of New York, LaGuardia Community College, and CUNY pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them, and denied, as academic, that branch of the plaintiff's cross-motion which was for leave to amend the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying, as academic, that branch of the plaintiff's cross-motion which was for leave to amend the complaint, and substituting therefor a provision denying that branch of the cross-motion on the merits; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants City of New York, LaGuardia Community College, and CUNY.
The plaintiff commenced this action against, among others, the City of New York, LaGuardia Community College, and CUNY (hereinafter collectively the defendants). The plaintiff, in effect, sought review of a determination not to permit him to graduate from a paramedic program at LaGuardia Community College, among other things. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. The plaintiff cross-moved, inter alia, for leave to amend the complaint. The Supreme Court, among other things, granted the defendants' motion and denied, as academic, that branch of the plaintiff's cross-motion which was for leave to amend the complaint. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the complaint must be accorded a liberal construction, the facts alleged in the complaint must be accepted as true, and the plaintiff must be accorded the benefit of every favorable inference (see Rigwan v Neus, 205 AD3d 1062, 1063). The "sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. Even according the plaintiff the benefit of every possible favorable inference, the plaintiff failed to allege facts that fit within any [*2]cognizable legal theory (see Guggenheimer v Ginzburg, 43 NY2d at 275; Rigwan v Neus, 205 AD3d at 1063).
Moreover, to the extent that the plaintiff is seeking judicial review of an academic determination not to permit him to graduate from a paramedic program at LaGuardia Community College, the plaintiff should have sought review in the context of a proceeding pursuant to CPLR article 78 (see Hernandez v Teachers Coll., Columbia Univ., 153 AD3d 1241, 1242; Sarwar v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 150 AD3d 913, 914). "Although decisions made by educational institutions as to academic issues are not completely beyond the scope of judicial scrutiny, review is restricted to special proceedings under CPLR article 78, and only to determine whether the decision was arbitrary, capricious, irrational, or in bad faith" (Sarwar v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 150 AD3d at 914; see Hernandez v Teachers Coll., Columbia Univ., 153 AD3d at 1242). Although CPLR 103(c) provides that a civil proceeding shall not be dismissed solely because it is not brought in the proper form and that the court may convert an action into a proceeding pursuant to CPLR article 78, such a conversion is not appropriate where, as here, the plaintiff's claims would have been barred by the four-month statute of limitations applicable to such a proceeding (see CPLR 217; Keles v Hultin,144 AD3d 987, 988).
The Supreme Court should not have denied, as academic, that branch of the plaintiff's cross-motion which was for leave to amend the complaint. However, since the proposed amended complaint was patently devoid of merit, that branch of the plaintiff's cross-motion which was for leave to amend the complaint should have been denied on the merits (see Cervini v Zanoni, 95 AD3d 919, 922).
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court