Graham v Pace Univ. (2025 NY Slip Op 50822(U))

[*1]

Graham v Pace Univ.

2025 NY Slip Op 50822(U)

Decided on May 2, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 2, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2023-884 RI C

Kenton Graham, Appellant,
against
Pace University, Respondent. 

Kenton Graham, appellant pro se.
Conway, Farrell, Curtin & Kelly, P.C. (Darrell John and Tung Wong of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Richmond County (Robert J. Helbock, Jr., J.), entered April 8, 2024. The judgment, after a nonjury trial, dismissed the complaint.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $16,281 for breach of contract. At a nonjury trial, plaintiff testified that he was enrolled in two courses at Pace University for the Fall 2022 semester: ED 671 and ED 679. Plaintiff stated that he registered for ED 679 on August 26, 2022, and that students enrolled in ED 679 were required to student teach at a local school. Plaintiff submitted emails with various employees of defendant, and with the New York City Department of Education (DOE), which emails documented that plaintiff received an offer to student teach at a local New York City public high school on or about September 15, 2022, but that this offer was contingent on plaintiff receiving security clearance from the DOE. Plaintiff also provided emails dated October 6, 2022, in which university employees asked him to withdraw from ED 679 because he had not received security clearance from the DOE and would not have enough time to make up the required course work before the end of the Fall 2022 semester. Plaintiff eventually withdrew from ED 679, or was disenrolled by defendant. Further, the offer to student teach at a local public high school was rescinded because, plaintiff alleged, defendant had contacted the high school. Plaintiff maintained that [*2]defendant breached a contract with plaintiff by admitting him into ED 679 "too late" to timely secure him a student teaching field placement, by dropping him from the course while his DOE security clearance results were pending, and by failing to pursue alternative student teaching field placements at schools located outside the New York City public school system. 
Plaintiff testified that, after he was dropped from ED 679, he fell below the minimum six credits required for him to receive education benefits from the Veteran's Administration (VA), including tuition, a housing allowance, and a book stipend. As proof of his damages, plaintiff submitted letters from the VA stating that plaintiff owed the VA funds that it had paid to him as a housing allowance and book stipend due to a change in his enrollment, and that the VA would seek to collect tuition money from Pace University. Defendant presented no witnesses. Following the trial, the Civil Court (Robert J. Helbock, Jr., J.) entered a judgment dismissing the complaint. On appeal, plaintiff argues, among other things, that defendant breached a contract to secure plaintiff a student teaching field placement, as evidenced by the course description for ED 679 and a powerpoint presentation delivered during a student teaching orientation. 
In order to prevail on a breach of contract claim, a plaintiff must establish "the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (JP Morgan Chase v J.H. Elec. of NY, Inc., 69 AD3d 802, 803 [2010]; see 34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 52 [2022]; Liberty Equity Restoration Corp. v Pil Soung Park, 160 AD3d 628, 630 [2018]). It is well settled that "[t]he relationship between a university and a student is contractual in nature" (Sweeney v Columbia Univ., 270 AD2d 335, 336 [2000]; see Vought v Teachers Coll., Columbia Univ., 127 AD2d 654, 654-655 [1987]; Prusack v State of New York, 117 AD2d 729, 730 [1986]; Andre v Pace Univ., 170 Misc 2d 893, 896 [App Term, 2d Dept, 9th & 10th Jud Dists 1996]). Further, "[t]he rights and obligations of the parties as contained in the university's bulletins, circulars and regulations made available to the student, become a part of this contract" (Vought v Teachers Coll., Columbia Univ., 127 AD2d at 655; Prusack v State of New York, 117 AD2d at 730; Andre v Pace Univ., 170 Misc 2d at 896). "However, only specific promises set forth in a school's bulletins, circulars and handbooks, which are material to the student's relationship with the school, can establish the existence of an implied contract" (Keefe v New York Law School, 71 AD3d 569, 570 [2010]; see Mensah v New York Inst. of Tech., 223 AD3d 530 [2024]; Croce v St. Joseph's Coll. of NY, 219 AD3d 693, 695 [2023]; Matter of Farooqui v Columbia Univ., 199 AD3d 411, 411 [2021]). In other words, "to sustain a contract claim against a university, a student must point to a provision that guarantees certain specified services, not merely to a [g]eneral statement[] of policy" (In re Columbia Tuition Refund Action, 523 F Supp 3d 414, 421 [SD NY 2021] [internal quotation marks and citation omitted]; see Baldridge v State of New York, 293 AD2d 941, 943 [2002]; Bader v Siegel, 238 AD2d 272, 272 [1997]; Paladino v Adelphi Univ., 89 AD2d 85, 92 [1982]; see also Amable v New School, 551 F Supp 3d 299, 308 [SD NY 2021]).
Upon a review of the record, we find no basis to disturb the judgment. Plaintiff's references to defendant's course catalog and an orientation presentation are not entitled to consideration, as these materials are dehors the record. Furthermore, the emails submitted by plaintiff at trial do not contain any express promises to secure plaintiff a field placement by a specific date or at all (see e.g. Matter of Farooqui v Columbia Univ., 199 AD3d at 411; Keefe v New York Law School, 71 AD3d at 570-571). In any event, the emails reveal that defendant [*3]contacted several local schools on plaintiff's behalf, resulting in his receipt of a field placement offer on or about September 15, 2022. The facts that the field placement offer was contingent on DOE security clearance and that it takes a certain length of time to obtain the required security clearance are matters beyond defendant's control. Moreover, according to plaintiff, defendant did "reach[] out to [plaintiff] with a placement offer" with a school located in Westchester County, which allegedly does not have the same security clearance requirements, but plaintiff declined the offer. Further, defendant's decisions to admit plaintiff to ED 679 and to drop him from the class because he had not received security clearance by a certain date are not subject to review in a breach of contract action, as courts are reluctant to "substitute their judgment for that of university officials or to review the day-to-day administration of academic policies"(Sirohi v Lee, 222 AD2d 222, 222 [1995]; see Matter of Olsson v Board of Higher Educ. of City of NY, 49 NY2d 408, 413 [1980]; Sarwar v New York Coll. of Osteopathic Medicine of NY Inst. of Tech., 150 AD3d 913, 914 [2017]; Keles v Hultin, 144 AD3d 987, 988 [2016]; see also Gally v Columbia Univ., 22 F Supp 2d 199, 206-207 [SD NY 1998]). Consequently, plaintiff did not demonstrate that defendant breached an express or implied contract to provide him with the educational services that were part of the curriculum for ED 679. In light of the foregoing, we need not pass upon plaintiff's remaining contentions regarding damages.
Accordingly, the judgment is affirmed.
TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 2, 2025