Trustees of Columbia Univ. in the City of N.Y. v Tezock (2025 NY Slip Op 51813(U))

[*1]

Trustees of Columbia Univ. in the City of N.Y. v Tezock

2025 NY Slip Op 51813(U)

Decided on November 19, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 19, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570887/25

The Trustees of Columbia University in the City of New York, Petitioner-Appellant,
against
Durene Tezock, Respondent-Respondent, and "John Doe and/or Jane Doe", Respondents-UnderTenants.

Petitioner, as limited by its brief, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Joan Rubel, J.), dated March 24, 2025, which denied its motion to strike respondent's third affirmative defense and for summary judgment of possession in a holdover summary proceeding.

Per Curiam.
Order (Joan Rubel, J.), dated March 24, 2025, insofar as appealed from, reversed, without costs, and petitioner's motion to strike the third affirmative defense and for summary judgment of possession granted.
Civil Court should have granted the motion of petitioner, The Trustees of Columbia University in the City of New York, for summary judgment of possession. The summary judgment record conclusively establishes that respondent was in breach of paragraph 29 of the parties' occupancy agreement, which required respondent to maintain full-time student status in order to reside in the subject apartment. It is undisputed that respondent had been dismissed as a student from Columbia University on academic grounds in January 2023.
Respondent's third affirmative defense, deemed by the motion court to be one of "retaliatory eviction" (see Real Property Law [RPL] § 223-b), should have been stricken, since respondent's allegations that Columbia University failed to comply with protocols for student grievances falls outside the scope of protected activity under RPL § 223-b. Moreover, Civil Court lacks jurisdiction to review Columbia University's grievance process or its ultimate determination to dismiss respondent as a student. "Strong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment" on core academic policy regarding a student's academic performance (Matter of Susan M. v New York Law School, 76 NY2d 241, 245 [1990]). "While decisions of academic institutions are not [*2]immune from judicial scrutiny, review should be restricted to special proceedings under CPLR article 78, and only to determine whether the decision was arbitrary, capricious, irrational or in bad faith" (Keles v Trustees of Columbia Univ. in the City of NY, 74 AD3d 435, 435 [2010], lv denied 16 NY3d 890 [2011], cert denied 132 S Ct 255 [2011]; see Rutkowski v New York Univ., 235 AD3d 602 [2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 19, 2025