*488 OPINION OF THE COURT
Michael V. Ajello, J.
In this CPLR article 78 proceeding, respondent IPRO moves to dismiss the petition upon the ground that this is not a proper article 78 proceeding and even if it were, petitioner cannot meet the “arbitrary and capricious” standard. The argument is made that article 78 is designed to be used for seeking mandamus against instrumentalities of the state or state officials, or disputes by members against membership corporations, not-for-profit associations or co-op boards regarding applications of mutually agreed upon rules or internal corporate governance and that recourse to an article 78 proceeding against a private corporation merely complying with state regulations, in its business, should not be permitted.
In 1998, the Legislature amended article 49 of the Insurance Law by adding a new title II giving an insured the right to an external appeal of an adverse determination by a health plan (L 1998, ch 586, § 29). At the same time, article 49 of the Public Health Law was amended by adding a new title II providing for the right of an external appeal (L 1998, ch 586, § 11). One of the purposes of the amendments was to provide insureds suffering from life-threatening or disabling diseases access to treatments that may be experimental or investigational if said treatments are more beneficial than any standard treatments or if beneficial treatments are provided pursuant to a clinical trial. The amendments also provided a mechanism for consumers to obtain an independent, impartial opinion regarding coverage determinations, as well as an expedited external review process so that there would be no delay in accessing beneficial services or treatments which are experimental or investigative in nature (Senate Mem in Support, 1998 McKinney’s Session Laws of NY, at 1977).
The Governor, in his message on approving the amendments, stated that the bill demonstrates that New York is continuing to lead the nation in protecting the rights and health of its residents (Governor’s Mem approving L 1998, ch 586, 1998 McKinney’s Session Laws of NY, at 1480).
The external appeal is conducted by an external appeal agent, such as respondent IPRO, which makes the ultimate decision as to whether the patient’s health costs will be covered by the health plan or the health plan’s denial of coverage will be upheld (Insurance Law § 4914). The Superintendent of Insurance is given the power to grant or revoke certificates to conduct *489 external appeals (Insurance Law § 4911), as well as to review the activities of the external appeal agents, investigate complaints by insureds concerning requests for and processing external appeals and to conduct random audits to determine the external appeal agents’ compliance with title II (Insurance Law § 4916). The procedure for external appeals of adverse determinations is set forth in section 4914 of the Insurance Law.
Considering the statutory scheme, I find that external appeal agents function in an administrative capacity on behalf of the state. Furthermore, IPRO is a not-for-profit corporation, which comes within the definition of a “body” against whom an article 78 proceeding will lie (Schiffer v Tarrytown Boat Club, 219 AD2d 704 [1995], appeal dismissed 87 NY2d 916 [1996], rearg denied 87 NY2d 1056 [1996], cert denied 519 US 864 [1996], reh denied 519 US 1023 [1996]; Matter of Sines v Opportunities For Broome, 156 AD2d 878 [1989]).
Under the circumstances, an article 78 proceeding is the proper vehicle for reviewing the determination of IPRO to uphold the health plan’s denial of coverage. Insofar as IPRO alleges that petitioner will be unable to meet the “arbitrary and capricious” standard, this determination should be made after service of the answer.