■ LOUIS V. QUINTAS, Appellant, v PACE UNIVERSITY et al., Respondents. [804 NYS2d 67]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered August 12, 2004, dismissing the complaint and bringing up for review an order, same court and Justice, entered July 12, 2004, which, inter alia, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), unanimously affirmed, without costs. Appeal from the July 12, 2004 order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Plaintiff's first three causes of action, asserting damage claims, premised on contract, tort and retaliation theories, for defendant University's determination to deny his application for a distinguished professorship, should have been brought in the context of a proceeding pursuant to CPLR article 78 and are accordingly governed by a four-month limitations period (*see* *Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999]). Inasmuch as they were brought subsequent to the expiration of the applicable statutory period, they are time-barred. Moreover, they failed to state any cognizable grounds for relief. Plaintiff did not identify any contractual provision pursuant to which he would have been entitled to a distinguished professorship (*see id.*). His negligence claim was barred by the exclusivity provisions of the Workers' Compensation Law (*see* Workers' Compensation Law § 11; § 29 [6]; *Maas v Cornell Univ.*, 253 AD2d 1 [1999], *affd* 94 NY2d 87 [1999]). His claim that the challenged denial was retaliatory did not set forth the requisite connection between the denial and protected conduct on plaintiff's part (*see* Labor Law §§ 215; 740 [2]).

Finally, plaintiff failed adequately to allege facts warranting the inference that the challenged denial was a discriminatory employment action actually motivated by age (*see* Executive Law § 296 [1]). The University's requirement that distinguished professors teach 12 credits annually, which plaintiff concededly would not have been able to satisfy, is applicable regardless of age. Further, the challenged denial was also permissibly predicated on plaintiff's unremarkable teaching performance ratings.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sullivan, Williams and Malone, JJ.