■ PATRICIA GARY, Appellant, v NEW YORK UNIVERSITY et al., Respondents. [850 NYS2d 433]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered August 15, 2006, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In challenging the termination of her matriculation, along with allegations based on contract, tort and racial discrimination, the pro se plaintiff should have brought a proceeding under CPLR article 78, rather than this plenary action (*see Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999]; *Bottalico v Adelphi Univ.*, 299 AD2d 443 [2002]). The court improperly determined that plaintiff's challenge to her termination was time-barred, since the action was timely commenced within four months after defendants had notified her by letter of their final and binding determination (CPLR 217 [1]); however, it properly dismissed the challenge as beyond judicial review (*see Matter of Susan M. v New York Law School*, 76 NY2d 241, 246 [1990]).

Plaintiff failed to raise an issue of fact as to her cause of action for breach of contract. There is no indication that defendants failed to comply with their policies and procedures regarding termination (*see Benson v Trustees of Columbia Univ. in City of N.Y.*, 215 AD2d 255 [1995], *lv denied* 87 NY2d 808 [1996]).

The negligence claims of purported failure to provide adequate guidance or to allow plaintiff to register for classes were barred by her failure to exhaust administrative remedies (*see Gertler v Goodgold*, 107 AD2d 481, 489 [1985], *affd* 66 NY2d 946 [1985]). In any event, such claims are time-barred since the alleged inactions occurred more than four months prior to the commencement date of this action (*see Quintas v Pace Univ.*, 23 AD3d 246 [2005]).

We reject plaintiff's request for leave to establish a prima facie case of racial discrimination or a cause of action for intentional infliction of emotional distress. Plaintiff failed to submit any evidence warranting an inference of such discrimination on the part of the university or any of its employees (*see Bayon v State Univ. of N.Y. at Buffalo*, 2004 WL 625133, *2, 2004 US Dist LEXIS 5036, *12 [WD NY 2004]). Furthermore, the claim for intentional infliction of emotional distress, based on comments made by the faculty prior to plaintiff's recommended termination in March 2003, was barred by the one-year statute of limitations (*Kourkoumelis v Arnel*, 238 AD2d 313 [1997]). In any event, the faculty's conduct and comments regarding plaintiff's academic performance were not so extreme or "outrageous" as to constitute intentional infliction of

emotional distress (*see Sheridan v Trustees of Columbia Univ. in City of N.Y.*, 296 AD2d 314, 315 [2002], *lv denied* 99 NY2d 505 [2003], *cert denied* 539 US 904 [2003]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Friedman, Sweeny and Moskowitz, JJ.