■ PAMELA ROBAYO, Respondent, v EDISON PRICE LIGHTING, INC., et al., Defendants, and METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants. [989 NYS2d 328]—

In an action to recover damages for personal injuries, the defendants Metropolitan Transportation Authority and New York City Transit Authority appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered May 22, 2012, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not serve a timely notice of claim pursuant to General Municipal Law § 50-e (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 5, 2010, the plaintiff allegedly tripped and fell due to a defective sidewalk grate. Ninety-two days later, on Tuesday, July 6, 2010, the plaintiff served notices of claim upon the Metropolitan Transportation Authority and the New York City Transit Authority (hereinafter together the appellants) pursuant to General Municipal Law § 50-e. The plaintiff subsequently commenced this action against the appellants, among others, to recover damages for personal injuries.

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not serve a timely notice of claim. Although General Municipal Law § 50-e (1) provides that a notice of claim must be served within 90 days after the plaintiff's claim arises, General Construction Law § 25-a provides that when any period of time before which an act is required to be done ends on a

Saturday, Sunday or public holiday, such act may be done on the next succeeding business day. Here, the 90-day period ended on July 4, 2010, a Sunday. General Construction Law § 24 provides that if the fourth day of July occurs on a Sunday, the next day thereafter is a public holiday. Accordingly, the plaintiff's service of the notice of claim on July 6, 2010, was timely, and the appellants failed to make a prima facie showing of their entitlement to judgment as a matter of law. Eng, P.J., Leventhal, Lott and Roman, JJ., concur.