■ Seth Mitchell, CFA, Appellant, v New York University ("NYU") et al., Respondents. [12 NYS3d 30]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about January 14, 2014, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for a default judgment against defendants, unanimously affirmed, without costs.

The motion court properly determined that a CPLR article 78 proceeding, not a plenary action, is the "appropriate vehicle" for plaintiff's challenges to defendant New York University's administrative decision to exclude him from the university after he failed to submit to an evaluation by the university's mental health center following a report that his behavior allegedly caused one of his instructors to be concerned that he might pose a threat to others in the classroom (*see Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999]). However, such a proceeding is time-barred. The complaint alleges that NYU informed plaintiff on September 7, 2012, that he had been declared persona non grata. However, plaintiff did not commence the instant action until January 22, 2013, more than four months later (*see Padiyar v Albert Einstein Coll. of Medicine of Yeshiva Univ.*, 73 AD3d 634, 635 [1st Dept 2010], *lv denied* 15 NY3d 708 [2010]). That plaintiff had not yet withdrawn from the university or that he engaged in settlement discussions did not toll the four month limitation period (*see Goonewardena v Hunter Coll.*, 40 AD3d 443 [1st Dept 2007]). Plaintiff's request that this Court convert his plenary action to an article 78 proceeding, pursuant to CPLR 103 (c), must be denied since the statute of limitations expired (*see Gertler v Goodgold*, 107 AD2d 481, 487 [1st Dept 1985], *affd* 66 NY2d 946 [1985]).

The motion court properly dismissed plaintiff's additional claims for failure to state a cause of action. The complaint failed to set forth the particular words complained of or to satisfy the publication requirement in support of the claim for defamation per se (*see* CPLR 3016; *Dillon v City of New York*, 261 AD2d 34, 38 [1st Dept 1999]). NYU's direct communications with plaintiff did not constitute a publication to any third party, and any communication by NYU to its public safety officers is protected by a qualified privilege (*see Foster v Churchill*, 87 NY2d 744, 751 [1996]). Plaintiff's conclusory allegations of malice are insufficient to overcome the privilege (*see Gondal v New York City Dept. of Educ.*, 19 AD3d 141 [1st Dept 2005]).

The assault claim fails to allege that the public safety officers engaged in intentional physical conduct that placed plaintiff in apprehension of harmful contact (*see Gould v Rempel*, 99 AD3d 759, 760 [2d Dept 2012]).

The complaint also fails to allege conduct that approaches the level of outrageousness or extremeness necessary to support a claim of intentional infliction of emotional distress or a causal connection between the alleged conduct and plaintiff's claimed distress (*see Howell v New York Post Co.*, 81 NY2d 115, 121-122 [1993]).

Inasmuch as the complaint fails to allege that plaintiff was confined by the public safety officers, it does not state a cause of action for false imprisonment (*see Elson v Consolidated Edison Co. of N.Y.*, 226 AD2d 288, 289 [1st Dept 1996]).

The negligence claim was merely a challenge to NYU's determination to declare plaintiff persona non grata; defendants had no legal duty to allow plaintiff to remain on the premises or enrolled as a student following his non-compliance with the request for a mental health evaluation.

Plaintiff's claim for violation of his First Amendment right to free speech was properly dismissed. Neither private universities nor their employees are "state actors" for the purpose of constitutional claims, including claims alleging violation of the right to free speech (*see Powe v Miles*, 407 F2d 73, 80-81 [2d Cir 1968]).

The complaint fails to allege that defendants received anything rightfully belonging to plaintiff, or that they were otherwise enriched at his expense to support his claim for unjust enrichment (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]). To the extent plaintiff's claim was based on tuition expenses he has paid, this argument was improperly raised for the first time on appeal and, in any event, is unavailing, since such a claim must be asserted in an article 78 proceeding, which, as discussed, is time-barred (*see Kickertz v New York Univ.*, 110 AD3d 268, 276-277 [1st Dept 2013]).

Plaintiff's eighth cause of action, for front pay, is not an independent cause of action, but a remedy available in the context of employment law (*see e.g. Whittlesey v Union Carbide Corp.*, 742 F2d 724 [1984]).

Plaintiff's cross motion for a default judgment against defendants on the ground that their motion to dismiss was untimely filed was properly denied. Since the twentieth day following service of the summons fell on a public holiday, President's Day, the deadline was extended until the following business day (*see* CPLR 320; General Construction Law § 25-a), the day that defendants served their motion to dismiss (*see Robayo v Edison Price Light., Inc.*, 119 AD3d 763 [2d Dept 2014]).

Contrary to plaintiff's contention, a motion made pursuant to CPLR 3211 does not need to be supported by an affidavit from someone with personal knowledge of the facts (*see Town New Dev. Sales & Mktg. LLC v Price*, 127 AD3d 549 [1st Dept 2015]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Andrias,

Moskowitz and Clark, JJ.