Global Energy Efficiency Holdings, Inc. v William Penn Life Ins. Co. of N.Y. (2020 NY Slip Op 01397)





Global Energy Efficiency Holdings, Inc. v William Penn Life Ins. Co. of N.Y.


2020 NY Slip Op 01397


Decided on February 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2020

Manzanet-Daniels, J.P., Kapnick, Gesmer, Moulton, JJ.


11155 25687/14E

[*1] Global Energy Efficiency Holdings, Inc., Plaintiff, Manufacturers and Traders Trust Company, Plaintiff-Respondent,
v
William Penn Life Insurance Company of New York, Defendant-Appellant.


Bleakley Platt & Schmidt, LLP, White Plains (Robert D. Meade of counsel), for appellant.
Trief & Olk, New York (Barbara E. Olk of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Francis A. Kahn, III, J.), entered December 19, 2018, after a nonjury trial, in favor of plaintiff Manufacturers and Traders Trust Company and against defendant William Penn Life Insurance Company of New York, unanimously affirmed, with costs.
The trial court properly excluded as double hearsay a written report including a statement by the decedent's wife. The statement is not admissible as a business record, because the decedent's wife was under no duty to make the statement (Matter of Imani O. [Marcus O.], 91 AD3d 466, 467 [1st Dept 2012]). Nor is the statement admissible as an excited utterance, because, among other things, it was not made contemporaneously with, or immediately following, a startling event (People v Cummings, 31 NY3d 204, 209 [2018]).
The court properly rejected the opinion of defendant's expert as unreliable, because defendant failed to show that the hearsay evidence that formed the basis of the opinion was the type of material commonly relied on in the medical profession (see Matter of State of New York v Mark S., 87 AD3d 73, 77 [3d Dept 2011], lv denied 17 NY3d 714 [2011]).
The insurance investigator's report on his second interview with the decedent's wife, which, in a break with his custom, the investigator did not ask the decedent's wife to sign, is not admissible as a "past recollection recorded," because it lacks the requisite trustworthiness (see People v DiTommaso, 127 AD3d 11, 15-16 [1st Dept 2015], lv denied 25 NY3d 1162 [2015]; Ianielli v Consolidated Edison Co., 75 AD2d 223 [2d Dept 1980]). Nor is the report admissible as a business record, because it was not prepared pursuant to the investigator's standard procedure (see People v Kennedy, 68 NY2d 569, 579—580 [1986]; CPLR 4518[a]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2020
CLERK