Sandler v Benden (2022 NY Slip Op 01108)





Sandler v Benden


2022 NY Slip Op 01108


Decided on February 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 17, 2022

Before: Kapnick, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 


Index No. 151606/17 Appeal No. 15301 Case No. 2020-03712 

[*1]Tracey Sandler, Plaintiff-Appellant,
v
Joseph Benden et al., Defendants-Respondents.


David Zevin, Roslyn, for appellant.
Naness, Chaiet & Naness LLC, Jericho (Clifford P. Chaiet of counsel), for Joseph Benden and Bayview Manor LLC, respondents.
Clifton Budd & DeMaria, LLP, New York (Douglas P. Catalano of counsel), for Ilene L. Nathanson, Pamela Brodlieb and Long Island University, respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered June 25, 2020, which granted defendants' CPLR 3211(a) motions to dismiss the complaint, unanimously modified, on the law, to the extent of reinstating plaintiff's cause of action for defamation, and otherwise affirmed, without costs.
Plaintiff's allegations challenge the "academic and administrative standards and decisions" of defendant Long Island University (LIU) and two of its employees (Keles v Trustees of Columbia Univ. in the City of N.Y., 74 AD3d 435, 435 [1st Dept 2010], lv denied 16 NY3d 890 [2011], cert denied 565 US 884 [2011]). Accordingly, although she variously frames her claims in statute, tort, contract, and quasi-contract, plaintiff was required to bring those challenges via CPLR article 78, rather than in a plenary action, subject to the four-month limitations period applicable to article 78 proceedings (see Gary v New York Univ., 48 AD3d 235, 236 [1st Dept 2008]). Since plaintiff undisputedly did not bring her claims within that time frame, they are time-barred.
Plaintiff's claims against defendant Bayview Manor LLC (Bayview) are rooted in Bayview's service as LIU's agent in the provision of an educational internship, and her claims against Bayview and its employee likewise relate to matters of pedagogy and educational decisions. Thus likewise, plaintiff was required to bring her claims against Bayview in an article 78 proceeding, since those claims amount to a challenge to educational decisions (see Matter of Vellios v Serio, 1 Misc 3d 487, 489 [Sup Ct, NY County 2003]), except her claims as to defamation. In her tenth cause of action, plaintiff alleges that Bayview and its employee libeled her in her profession, which constituted slander per se. At least some of the alleged defamatory statements were concrete and verifiable, which, if false, would arguably both overcome the qualified privilege and tend to establish all of the elements of her defamation claim. Accordingly, plaintiff's defamation claim states a cause of action and is reinstated. We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2022