Matter of Mamatkulov v CUNY, the City Univ. of N.Y. (2023 NY Slip Op 05472)

Matter of Mamatkulov v CUNY, the City Univ. of N.Y.

2023 NY Slip Op 05472

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kern, J.P., Friedman, Gesmer, Kennedy, JJ. 

Index No. 100566/22 Appeal No. 949 Case No. 2023-00308 

[*1]In the Matter of Lazizjon Mamatkulov, Petitioner-Appellant,
v
CUNY, the City University of New York, Respondent-Respondent.

Lazizjon Mamatkulov, appellant pro se.
Letitia James, Attorney General, New York (Anthony R. Raduazo of counsel), for respondent.

Judgment, Supreme Court, New York County (William F. Perry, J.), entered December 2, 2022, denying the petition to annul respondent CUNY, the City University of New York's determination, following a hearing, which expelled petitioner from Hunter College, unanimously vacated, the petition treated as one transferred to this Court for de novo review, and upon such review, respondent's determination, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
The article 78 court did not dispose of all of respondent's objections "as could terminate the proceeding," and instead dismissed the petition upon finding that respondent's determination was supported by substantial evidence. "Since a question of substantiality of evidence was involved, the matter should have been transferred to this court in the first instance . . . However, this court is empowered to treat the substantial evidence question de novo and decide all issues as if the matter had been properly transferred" (Matter of King v McMickens, 120 AD2d 351, 351 [1st Dept 1986], affd 69 NY2d 840 [1987]; CPLR 7804[g]). Upon such review, this Court finds that the petition is time-barred, as it was filed over four months after respondent's determination to expel petitioner for academic misconduct and other violations became final and binding (see CPLR 217 [1]; Gary v New York Univ., 48 AD3d 235, 236 [1st Dept 2008]; see e.g. Matter of Best Payphones, Inc. v Department of Info. Tech & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]).
In any event, respondent's determination is supported by substantial evidence provided by petitioner's own admission that he engaged in the academic misconduct alleged, and the testimony from faculty members adduced during the administrative hearing (see Matter of Green v City Univ. of New York, 145 AD3d 547, 547 [1st Dept 2016]).
The penalty of expulsion does not shock one's sense of fairness (see Matter of Flores v New York Univ., 79 AD3d 502, 502 [1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023