Rutkoski v New York Univ. (2025 NY Slip Op 01181)

Rutkoski v New York Univ.

2025 NY Slip Op 01181

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Moulton, J.P., Gesmer, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 151514/23|Appeal No. 3783|Case No. 2024-00400|

[*1]Sydney Rutkoski, Plaintiff-Appellant,
v
New York University, et al., Defendants-Respondents.

Carbonaro Law, PC, New York (Jospeh W. Carbonaro of counsel), for appellant.
Bond, Schoeneck & King PLLC, New York (Rebecca K. Kimura of counsel), for respondents.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about January 8, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the amended complaint, unanimously affirmed, without costs.
The motion court correctly found that plaintiff's causes of action, while pled as discrimination and contract claims, essentially seek to challenge defendants' academic decisions and testing procedures, and should have, therefore, been brought in an article 78 proceeding (see Kickertz v New York Univ., 110 AD3d 268, 272, 277-278 [1st Dept 2013]; see also Gary v New York Univ., 48 AD3d 235, 236 [1st Dept 2008]). It is undisputed that plaintiff was granted testing accommodations for her disabilities, and defendants' decision to deny her requests for additional accommodations and opportunities to re-take exams constitutes an academic decision, as granting her request would require relaxing defendants' academic standards and policies (see Kickertz at 278).
Since plaintiff failed to bring her action within the four-month statute of limitations, her claims are time-barred (Sandler v Benden, 202 AD3d 579 [1st Dept 2022]; see also Matter of Mamatkulov v CUNY, the City Univ. of N.Y., 220 AD3d 622 [1st Dept 2023]). For that reason, the motion court correctly declined to convert plaintiff's plenary action into an article 78 proceeding (see Mitchell v New York Univ. ["NYU"], 129 AD3d 542, 543 [1st Dept 2015], lv denied 26 NY3d 908 [2015]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025