Vivar v Citigroup Tech., Inc. (2025 NY Slip Op 02051)

Vivar v Citigroup Tech., Inc.

2025 NY Slip Op 02051

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Webber, J.P., Kapnick, González, Scarpulla, Michael, JJ. 

Index No. 157288/18, 595462/19|Appeal No. 3860|Case No. 2024-01031|

[*1]Manuel J. Vivar, Plaintiff-Appellant,
v
Citigroup Technology, Inc., Defendant-Respondent.

Citigroup Technology, Inc., Third-Party Plaintiff,
v
Titan Industrial Services Corp., Third-Party Defendant.

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about January 10, 2024, which, to the extent appealed from, denied plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) cause of action, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff demonstrated prima facie entitlement to summary judgment on liability through his deposition testimony that as he was removing ductwork attached to the ceiling, a piece of duct that had been cut by a coworker fell, causing him to fall backwards off the ladder. Furthermore, defendant's witness testified that when items were cut out of ceiling hangars, as the duct was, they normally were secured and did not fall freely. This testimony established that plaintiff's accident involved the application of the force of gravity to an object — namely, the falling ductwork (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]; Gutierrez v 610 Lexington Prop., LLC, 179 AD3d 513, 513 [1st Dept 2020]). Thus, plaintiff's injury was the "foreseeable consequence of the risk of performing the task without any safety device of the kind enumerated in the statute" (Diaz v Raveh Realty, LLC, 182 AD3d 515, 516 [1st Dept 2020]).
In opposition, defendant failed to raise a triable issue of fact sufficient to defeat summary judgment on liability in plaintiff's favor. Defendant submitted the affidavit of its foreman, who averred that after the accident, plaintiff told him that he, plaintiff, fell from the ladder because he had jumped down several rungs. Supreme Court admitted this statement under the excited utterance exception to the hearsay rule, finding that it raised a triable issue of fact sufficient to defeat summary judgment. This finding was error. According to the foreman, plaintiff was taking a break and told the foreman that he felt "fine" when he made the statement. Thus, there was no evidence that plaintiff made the purported hearsay statement "under the stress of excitement" (Gomes v Pearson Capital Partners LLC, 159 AD3d 480, 481 [1st Dept 2018]; see Global Energy Efficiency Holdings, Inc. v William Penn Life Ins. Co. of N.Y., 180 AD3d 624, 624 [1st Dept 2020], lv denied 35 NY3d 914 [2020]). As defendant did not argue any other valid basis for admitting the hearsay statement, it is "insufficient to defeat summary judgment" (O'Shea v Procida Constr. Corp., 220 AD3d 622, 623 [1st Dept 2023]), and there was no other admissible evidence in opposition to plaintiff's motion.[FN1]
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025

Footnotes

Footnote 1: We note that defendant did not argue that the statement contained in the affidavit constituted a party admission. Accordingly, we need not consider that exception to hearsay (see e.g. Matter of Newman, 231 AD3d 12, 22 [1st Dept 2024] [noting that a party admission "is admissible against that party, as an exception to the hearsay rule, as evidence of the matter asserted in the admission, whether or not the party's statement was against his or her interest at the time the statement was made"]).