Narvaez v 12 W. 31st St. Corp.

2026 NY Slip Op 02069

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Wilson Narvaez, Appellant,

v

12 West 31st Street Corp., et al., Respondents. (And a Third-Party Action.)

Decided and Entered: April 07, 2026

Index No. 152206/21|Appeal No. 6277-6279|Case No. 2024-06849, 2024-06850, 2025-03857|

Before: Webber, J.P., Kennedy, Kapnick, González, O'Neill Levy, JJ.

William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for appellant.

Kerley, Walsh, Matera & Cinquemani, P.C., Seaford (Patrick J. Shelley of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered June 6, 2025, which denied plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court and Justice, entered November 1, 2024, dismissing the complaint, unanimously modified, on the law, to the extent of vacating so much of the November 1, 2024 order as dismissed plaintiff's claim pursuant to Labor Law § 240(1), and otherwise affirmed without costs. Order, same court and Justice, entered on or about November 6, 2024, which denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted. Appeal from November 1, 2024 order, unanimously dismissed, without costs, as academic.

Plaintiff, in moving to vacate the order dismissing the complaint, did not address his claims pursuant to Labor Law §§ 241(6) and 200 and common-law negligence, so they are deemed abandoned, and we decline plaintiff's request to search the record and reverse the dismissal of those claims.

With respect to plaintiff's Labor Law § 240(1) claim, the one-time incident of law office failure constituted a reasonable excuse for failing to timely oppose defendants' summary judgment motion, and plaintiff did not unreasonably delay in moving to vacate the order dismissing the complaint, demonstrating his lack of intention to abandon the action (see US Bank N.A. v Richards, 155 AD3d 522, 522-523 [1st Dept 2017]; see also Winters v Atlantic Dev. Corp., 205 AD3d 447, 447 [1st Dept 2022]).

Further, plaintiff established the merit of the claim not only for purposes of vacating the order, but also for purposes of summary judgment in his favor on the claim. He testified that he was welding a handrail between the 10th and 11th floor on a fire escape when he slipped and fell down several freshly painted and wet steps. To be sure, not every fall down a staircase on a construction site establishes a Labor Law § 240(1) violation (see O'Brien v Port Auth. of N.Y. and N.J., 29 NY3d 27, 33 [2017]). Here, however, plaintiff established that the fire escape "was an elevated surface on which [he] was required to work," which "required provision of an adequate safety device" (Conlon v Carnegie Hall Socy., Inc., 159 AD3d 655, 655 [1st Dept 2018]; see also Gomez v City of New York, 63 AD3d 511[1st Dept 2009]). The record also demonstrates that defendants failed to provide plaintiff with such a device that would protect him from an elevation-related risk (see O'Shea v Procida Constr. Corp., 220 AD3d 622, 623 [1st Dept 2023]). Defendants' arguments that the fire escape was not defective and was not used as a safety device are belied by the record (see Batista-Rosa v 1230 Franklin, LLC, 245 AD3d 461, 462 [1st Dept 2026]

We have considered the remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026