■ ADAM STAWSKI et al., Appellants, v PASTERNACK, POPISH & REIF, P.C., et al., Respondents, et al., Defendants. [864 NYS2d 412]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered May 23, 2007, which reversed, to the extent appealed from, an order of the Civil Court, New York County (Jeffrey K. Oing, J.), entered September 14, 2005, denying the motion of defendants-respondents for summary judgment dismissing plaintiffs' legal malpractice claim as it relates to Labor Law § 240 (1), unanimously reversed, on the law, without costs, respondents' motion denied and plaintiffs' cross motion for summary judgment on the legal malpractice claim as it relates to Labor Law § 240 (1) granted.

Plaintiffs commenced this action for legal malpractice based on respondents' representation of them in a personal injury action arising from injuries sustained by plaintiff Adam Stawski while working on a construction project. Plaintiffs allege that as a result of respondents' failure to file a timely notice of claim, they were precluded from prosecuting their claims against the owner of the school building under construction, including a claim for violations of Labor Law § 240 (1).

To establish a prima facie case of legal malpractice, plaintiffs must show that they would have succeeded on the merits of the underlying action but for the attorney's negligence (*Davis v Klein*, 88 NY2d 1008 [1996]; *Aquino v Kuczinski, Vila & Assoc., P.C.*, 39 AD3d 216, 218-219 [2007]). The evidence demonstrates that plaintiffs established their entitlement to summary judgment on the legal malpractice claim as it relates to Labor Law § 240 (1). It is undisputed that while installing a temporary window, plaintiff was injured after he was struck by a falling cinder block. Part of the construction project involved work on pipes inside a cinder block column approximately 10 feet above where plaintiff was working. To facilitate this work, a cinder block was cut from the column, and was returned to the open cavity from which it had been cut without being cemented or secured in any way. Under these circumstances and inasmuch as falling-object liability is not limited to cases in which the falling object is being hoisted or secured at the precise time it falls, plaintiffs would have succeeded on the merits of a Labor Law § 240 (1) claim (*Boyle v 42nd St. Dev. Project, Inc.*, 38 AD3d 404 [2007]; *see Quattrocchi v F.J. Sciame Constr. Co., Inc.*, 11 NY3d 757 [2008]; *Outar v City of New York*, 5 NY3d 731 [2005]; *Zuluaga v P.P.C. Constr., LLC*, 45 AD3d 479 [2007]; *cf. Narducci v Manhasset Bay Assoc.*, 96 NY2d 259 [2001]). Concur—Lippman, P.J., Tom, Williams, McGuire and Freedman, JJ. [*See* 15 Misc 3d 135(A), 2007 NY Slip Op 50784(U).]