■ Delos Insurance Company, Formerly Known as Sirius America Insurance Company, et al., Appellants, v Smith & Laquercia, LLP, Respondent. [923 NYS2d 522]—

Judgment, Supreme Court, New York County (Judith J.

Gische, J.), entered April 13, 2010, dismissing the complaint, pursuant to an order, same court and Justice, entered April 9, 2010, which granted defendant's motion to dismiss pursuant to CPLR 3211 (a) (1) and (7), unanimously modified, on the law, to reinstate the complaint as to plaintiff Delos Insurance Company, formerly known as Sirius America Insurance (Delos/Sirius), and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered November 24, 2010, which denied plaintiffs' motion to renew and reargue, unanimously dismissed, without costs, as academic.

The complaint should be reinstated as to plaintiff Delos/Sirius because, accepting the facts as alleged in the complaint as true and affording plaintiff the benefit of every reasonable inference, it sufficiently asserts viable causes of action for malpractice (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Delos/Sirius has standing to pursue its claims against defendant since it is undisputed that defendant represented Delos/Sirius in one declaratory judgment action. As to the second declaratory judgment action, the record supports the conclusion that a "near" privity relationship existed between the two (*see State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 434 [2000]; *Federal Ins. Co. v North Am. Specialty Ins. Co.*, 47 AD3d 52, 60 [2007]; *Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 175 [2004]).

However, the complaint should be dismissed as to Delos/Sirius's insured coplaintiffs Dennis Organization, Inc. and Rick Dennis, because it fails to allege they suffered damages as a result of defendant's alleged negligence that were not recompensed after Delos/Sirius, their insurer, paid to settle the underlying personal injury action (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442-443 [2007]; *Stawski v Pasternack, Popish & Reif, P.C.*, 54 AD3d 619, 620 [2008]). Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ. **[Prior Case History: 2010 NY Slip Op 30798(U).]**