OPINION OF THE COURT
Chief Judge DiFiore.
The issue on appeal is whether the Appellate Division properly determined that plaintiff Thomas O’Brien was entitled to summary judgment on liability on his Labor Law § 240 (1) *30 cause of action. We conclude that there are triable issues of fact and that, therefore, summary judgment should have been denied.
Plaintiff was an employee of DCM Erectors (DCM), a subcontractor at the 1 World Trade Center construction site. Defendant Port Authority of New York and New Jersey was the owner of the premises and defendant Tishman Construction Corporation of New York was the general contractor.
On the day of the accident, plaintiff was working a 6:00 a.m. to 11:00 p.m. shift, maintaining two welding machines located on ground level at the site. It had been raining periodically during the day. At around 8:00 p.m., plaintiff headed downstairs to DCM’s shanty, one level below ground, to get his rain jacket. Plaintiff used a temporary exterior metal staircase — also referred to as a temporary scaffold. He testified at his examination before trial that the metal staircase was wet due to exposure to the elements, that his foot slipped off the tread of the top step and that he fell down the stairs, sustaining injuries. Plaintiff testified that the stairs were “steep, slippery and smooth on the edges.” He also stated that his right hand was on the handrail, but he was unable to hold on because the handrail was wet.
Plaintiff commenced this Labor Law action and, as relevant here, sought partial summary judgment on his Labor Law §§ 240 (1) and 241 (6) causes of action. In support, plaintiff submitted an expert affidavit from Walter Konon, a professional engineer and licensed building inspector with expertise in construction engineering and construction safety. Konon did not view the stairs themselves, but based his opinion on photographs in the record. Konon opined that the stairs were “not in compliance with good and accepted standards of construction site safety and practice” or with an Occupational Safety and Health Administration provision, which requires that slippery conditions on stairways be eliminated before use. Konon also stated that the stairs were “smaller, narrower and steeper than typical stairs,” making it more difficult to maintain proper footing, and that the front portion of the stairs, which comes into contact with the workers’ footwear, tended to become worn and slippery with use.
Konon claimed that the stairs showed signs of longstanding wear and tear. According to Konon, the only anti-slip measures in place at the time of plaintiff’s fall were “small round protruding [metal] nubs,” which offer “limited anti-slip protection” *31 even when they are not worn down, as he maintained they were here. He further asserted that steel stairs have a tendency to become slippery when wet and have a decreased coefficient of friction, particularly when worn down. Konon concluded that
“[a] 11 of these conditions coupled with the fact that the stairs were wet due to rain and that the workers were allowed to work and use the stairs despite the rain and the wet stair treads, created a dangerous condition that was not in compliance with good and accepted standards of construction site safety and created a significant risk of slipping on the stairs and of thus falling down the stairs.”
Plaintiff also submitted an affidavit from a coworker, who stated that the stairs were slippery when wet and that “[a]lmost everyone was aware of the slippery nature of the stairs.”
Defendants submitted two affidavits from their construction safety expert, David H. Glabe. Glabe is a licensed professional engineer and a consultant to the construction industry, specializing in scaffolding and staircases at construction sites. Like Konon, in his first affidavit, Glabe based his opinion on photographs of the staircase. He opined that the staircase was designed for both indoor and outdoor use and was “designed and manufactured so as to provide traction acceptable within industry standards and practice in times of inclement weather.” He found “no evidence” that the perforated steel treads had been worn down by foot traffic. He further observed that the staircase provided both perforated holes to allow rain to pass through and raised metal nubs for traction, and opined that these anti-slip measures were sufficient. Glabe also disputed that the staircase was smaller, narrower or steeper than usual — rather, based on his experience, training and familiarity with this type of staircase, “the tread depth and width met good and acceptable construction industry standards.”
In a subsequent affidavit, Glabe described his inspection of a staircase of the same make and model as the one at issue. He confirmed that there was adequate space on the tread surface of the steps so that a person descending the stairs could avoid contact with the “nose or front of the step.” He characterized Konon’s opinion that the stairs had a decreased coefficient of *32 friction as “utterly meaningless” given Konon’s failure to inspect or test the actual staircase either alone or in conjunction with testing plaintiff’s footwear. Glabe also opined that the use of both handrails could have helped prevent plaintiff’s fall. Finally, Glabe stated that, contrary to Konon’s opinion, it was “not possible” to conclude from photographs in the record that the treads had been worn down. Rather, “the components of the staircase as designed will routinely outlast the use of a particular staircase and these types of staircases may eventually be replaced based only upon a new design rather than due to wear and tear.”
Supreme Court denied the cross motions for summary judgment on plaintiff’s Labor Law § 240 (1) claim, finding that there were issues of fact as to whether the temporary staircase provided proper protection. The court, however, granted plaintiff’s motion for partial summary judgment on the Labor Law § 241 (6) claim, based on its determination that there had been a violation of Industrial Code (12 NYCRR) § 23-1.7 (d) (relating to slipping hazards).
The Appellate Division modified the order, on the law, granting plaintiff’s motion for partial summary judgment on the Labor Law § 240 (1) claim and denying plaintiff summary judgment on the Labor Law § 241 (6) claim (131 AD3d 823 [1st Dept 2015] ).[1] The Court observed that there were conflicting expert opinions as to the adequacy and safety of the staircase but nonetheless held that it was “undisputed that the staircase, a safety device, malfunctioned or was inadequate to protect plaintiff against the risk of falling” (131 AD3d at 825).
One Justice dissented in part and would have affirmed the denial of summary judgment on the Labor Law § 240 (1) claim. The dissent would have held that the conflicting expert affidavits gave rise to questions of fact concerning whether the accident was the result of a statutory violation.
The Appellate Division granted defendants leave to appeal by certified question, asking “Was the order of the Supreme Court, as modified by this Court, properly made?” (2015 NY Slip Op 93137[U] [1st Dept 2015]). We answer the certified question in the negative.
*33 Under Labor Law § 240 (1), contractors and owners engaged “in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure” must provide “scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.” Although the statute is meant to be liberally construed to accomplish its intended purpose, absolute liability is “contingent upon the existence of a hazard contemplated in section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein” (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]). In other words, “liability may ... be imposed under the statute only where the ‘plaintiff’s injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential’ ” (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97 [2015], quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]).
To the extent the Appellate Division opinion below can be read to say that a statutory violation occurred merely because plaintiff fell down the stairs, it does not provide an accurate statement of the law. As we have made clear, the fact that a worker falls at a construction site, in itself, does not establish a violation of Labor Law § 240 (1) (see e.g. Berg v Albany Ladder Co., Inc., 10 NY3d 902, 904 [2008]; Toefer v Long Is. R.R., 4 NY3d 399, 407 [2005]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 288 [2003]; Narducci, 96 NY2d at 267). Moreover, the present case is distinguishable from “cases involving ladders or scaffolds that collapse or malfunction for no apparent reason” where we have applied “a presumption that the ladder or scaffolding device was not good enough to afford proper protection” {Blake, 1 NY3d at 289 n 8).
Here, by contrast, there are questions of fact as to whether the staircase provided adequate protection. As noted above, defendants’ expert opined that the staircase was designed to allow for outdoor use and to provide necessary traction in inclement weather. Moreover, defendants’ expert opined that additional anti-slip measures were not warranted. In addition, he disputed the assertions by plaintiff’s expert that the staircase was worn down or that it was unusually narrow or *34 steep. In light of the above, plaintiff was not entitled to summary judgment on the issue of liability.[2]
Although the dissent places great weight on Zimmer v Chemung County Performing Arts, the holding in that case was that “in light of the uncontroverted fact that no safety devices were provided at the worksite, it was error to submit to the jury for their resolution the conflicting expert opinion as to what safety devices, if any,” should have been employed (65 NY2d 513, 523 [1985] [emphasis added]). By contrast, here, the experts differ as to the adequacy of the device that was provided. Notably, both of these experts framed their opinions in terms of whether there had been compliance with industry standards. We agree that such compliance would not, in itself, establish the adequacy of a safety device within the meaning of Labor Law § 240 (1), but we do not read defendants’ expert’s opinion to be so limited.
Accordingly, the order of the Appellate Division, insofar as appealed from, should be modified, without costs, by denying plaintiff’s motion insofar as it sought summary judgment on the issue of liability on his Labor Law § 240 (1) claim, and as so modified, affirmed, and the certified question answered in the negative.

. Plaintiff did not cross-appeal from the Appellate Division order, thus rendering his Labor Law § 241 (6) argument beyond our review (see CPLR 5511; 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151 n 3 [2002]).

. We note that defendants did not preserve for our review, and we thus do not address, the argument that the water was an ordinary slipping or tripping hazard unrelated to the danger that the staircase was designed to protect against (see e.g. Nicometi, 25 NY3d at 98-99).