Gonzalez v Paramount Group, Inc. (2018 NY Slip Op 00029)





Gonzalez v Paramount Group, Inc.


2018 NY Slip Op 00029


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Richter, J.P., Tom, Kapnick, Kern, Moulton, JJ.


5345 152557/13

[*1]Anthony Gonzalez, et al., Plaintiffs-Respondents,
v
Paramount Group, Inc., Defendant, Allianz Global Investors U.S. LLC, Defendant-Appellant.


Fabiani Cohen & Hall, LLP, New York (Allison A. Synder of counsel), for appellant.
The Perecman Firm, P.L.L.C., New York (David H. Perecman of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schechter, J.), entered April 24, 2017, which to the extent appealed from as limited by the briefs, granted plaintiffs' motion for partial summary judgment as to liability on their Labor Law § 240(1) claim against defendant Allianz Global Investors U.S. LLC, unanimously affirmed, without costs.
Plaintiff Anthony Gonzalez was injured when, while making an opening in a concrete wall for HVAC ductwork to be installed, cinderblocks above the opening fell and struck his knee. Contrary to Allianz's argument, the cinderblocks above the opening that fell were "falling objects" under Labor Law § 240(1) required to be secured for the purposes of the undertaking (Outar v City of New York, 5 NY3d 731, 732 [2005]; see Czajkowski v City of New York, 126 AD3d 543 [1st Dept 2015]; see also Stawski v Pasternack, Popish & Reif, P.C., 54 AD3d 619 [1st Dept 2008]).
Allianz failed to raise a triable issue of fact warranting denial of plaintiffs' motion for partial summary judgment. As Supreme Court correctly indicated, the testimony and expert opinion that a safety device was neither necessary nor customary "is insufficient to establish the absence of a Labor Law § 240 (1) violation" (Bonaerge v Leighton House Condominium, 134 AD3d 648, 649 [1st Dept 2015]). O'Brien v Port Auth. of N.Y. & N.J. (29 NY3d 27 [2017]) is not to the contrary. Unlike in O'Brien, the experts here do not differ as to whether a safety device that was provided was adequate, but rather differ as to whether a safety device was required at all (see Zimmer v Cheming County Performing Arts, 65 NY2d 513 [1985]). In light of the uncontroverted fact that no safety devices were provided, it would be error to submit to the jury for their resolution the conflicting expert opinion as to what safety devices, if any, should have been employed (O'Brien at 34).
We have considered Allianz's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK