D'Antignac v City of New York (2023 NY Slip Op 00153)

D'Antignac v City of New York

2023 NY Slip Op 00153

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez, JJ. 

Index No. 25498/17E Appeal No. 17075 Case No. 2022-04086 

[*1]Mone't D'Antignac, Plaintiff-Appellant,
v
The City of New York, Defendant, Crotona Park West Housing Development Fund Corporation, Defendant-Respondent.

Rubenstein & Rynecki, Brooklyn (Harper A. Smith of counsel), for appellant.
Smith Mazure, P.C., New York (Joel M. Simon of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered March 4, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Crotona Park West Housing Development Fund Corporation's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously reversed, on the law, without costs, and the motion denied.
Crotona established its prima facie entitlement to summary judgment dismissing the action against it based on evidence demonstrating that the broken and uneven sidewalk condition on which plaintiff tripped and fell abutted a neighbor's property. Plaintiff's evidence in opposition, however, including an opinion from her expert engineer, raised triable issues whether Crotona negligently created a concrete overlay that extended onto the neighboring property's sidewalk, thus causing plaintiff to trip and fall. The opinion of plaintiff's expert engineer was founded on, among other things, authenticated photographs taken of the sidewalk hazard, including photographs taken on the date of plaintiff's fall. This evidence raised factual issues whether the same concrete used on Crotona's property was used by Crotona or its agents to create a concrete transition strip to address a height differential that existed between Crotona's higher sidewalk surface and the lower sidewalk surface that abutted the neighboring property (see O'Brien v Port Auth. of N.Y and N.J., 29 NY3d 27, 33-34 [2017]). Viewing the evidence in the light most favorable to the nonmoving party, with all reasonable inferences drawn in her favor, plaintiff was entitled to have the matter decided by a fact-finder (see Negri v Stop & Shop, 65 NY2d 625, 626 [1985]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023