Tatra Apts. Inc. v Benyo Servs., Inc. (2024 NY Slip Op 50865(U))

[*1]

Tatra Apts. Inc. v Benyo Servs., Inc.

2024 NY Slip Op 50865(U)

Decided on July 8, 2024

City Court Of Yonkers

Medina, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 8, 2024
City Court of Yonkers

Tatra Apartments Inc., Petitioner,

against
Benyo Services, Inc., Benyo Worldwide Travel, "XYZ" Corp., 
 M&J Multi Services Inc., Margarita Watson and "John Doe" and "Jane Doe", Respondent.

Index No. LT-0926-23

James G. Dibbini, Esq.
James G. Dibbini & Associates, P.C.
570 Yonkers Avenue
Yonkers, NY 10704
Andrew M. Romano, Esq.
55 Main Street
3rd Floor
Yonkers, NY 10701

Ada D. Medina, J.

The following papers numbered 1-4 were read and considered on petitioner's motion for summary judgment (CPLR § 3212) and for issuance of a judgment of possession and warrant of eviction.
Papers Numbered
Notice of Motion and Affidavits Annexed 1
Affirmation/Affidavits in Opposition 2
Replying Affirmations/Affidavits 3
Notice of Petition and Petition 4
On April 6, 2023, petitioner filed a Notice of Petition and Petition against respondents regarding a holdover matter. On May 3, 2024, petitioner filed the instant motion for summary judgment. Respondent filed opposition on May 28, 2024, and petitioner replied on May 31, 2024.
At the outset, " [a] motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof " (CPLR § 3212[b]). Here, petitioner fails to submit a copy of the pleadings with the instant motion. As such, the motion should be denied. However, respondent opposed the instant motion and did not raise petitioner's failure to submit [*2]the required documentation. Therefore, this Court will address the merits of petitioner's motion. 
The proponent of summary judgment must establish its defense or cause of action sufficiently to warrant a court's directing judgment in its favor as a matter of law (CPLR § 3212[b]; Zuckerman v. City of New York, 49 NY2d 557 [1980]). Once this showing has been made, the burden shifts to the non-moving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution (Giuffrida v. Citibank Corp., 100 NY2d 72, 81 [2003]; Alvarez v. Prospect Hosp., 68 NY2d. 320, 324 [1986]). Additionally, this Court must consider the evidence in the light most favorable to the non-moving party and draw every favorable inference to which that party is entitled (O'Brien v. Port Authority of New York & New Jersey, 29 NY3d 27, 37 [2017]).
Here, petitioner asserts the subject premises were formally owned by B&H Management Corp. and sold to Tatra Apartments Inc. in 1999 (Petitioner's Motion, Affidavit of Mikulas Beno, para. 4; Exhibit 3). Petitioner submits the original lease agreement between B&H Management Corp. and Benyo WorldWide Travel Inc. dated June 23, 1992 (Petitioner's Exhibit 1). Petitioner argues it is entitled to summary judgment in its favor as the original tenant, Benyo WorldWide Travel, Inc., no longer exists as a corporate entity (Petitioner's Motion, Affidavit of Mikulas Beno, para. 7; Exhibit 7). Furthermore, petitioner submits documentation and argues that a separate entity, Benyo Services, Inc., entered into an unauthorized sublease with additionally named respondents in 2009 (Petitioner's Motion, Affidavit of Mikulas Beno, para. 5; Petitioner's Exhibit 4). 
Based on the foregoing, petitioner has established its cause of action sufficiently to warrant this Court to direct judgment in its favor as a matter of law (CPLR § 3212[b]). Petitioner has established the original named tenant in the 1992 lease agreement no longer exists as a corporate entity. Upon review of petitioner's arguments and documentation, no other entity was authorized to enter into a sublease for the subject premises. Since petitioner has established its cause of action, this Court must review the evidentiary proof submitted by respondent to determine whether material issues of fact require a trial for resolution (Giuffrida, 100 NY2d at 81; Alvarez, 68 NY2d. at 324).
In opposition, respondent asserts the original named tenant, Benyo WorldWide Travel, Inc., is the same entity as Benyo Services, Inc. as a mere name change was made to the corporation (Respondent's Opposition, Affidavit of Marika Benyo, para. 3). Respondent submits admissible evidentiary proof of corporate documents referencing the corporate name change and therefore meets its burden to establish there are material issues of fact which require a trial for resolution (id.). 
This Court has considered all documentation submitted by both parties in the light most favorable to respondent and finds respondent changing its corporate name does not, in and of itself, entitle petitioner to summary judgment (O'Brien v. Port Authority of New York & New Jersey, 29 NY3d at 37). Furthermore, the original 1992 lease agreement and 1998 amended lease agreement are silent as to subleasing (Petitioner's Exhibits 1-2; Respondent's Opposition, para. 2). As such, material issues of fact exist as to any such name change and any such sublease agreement.
Based on the foregoing, petitioner's motion for summary judgment is hereby DENIED. Petitioner's application for a judgment of possession and warrant of eviction is hereby DENIED. The Clerk of the Civil Court is directed to schedule this matter for trial and notify all parties. Appearances are required.