Payne v Rosenberg, Minc, Falkoff & Wolff, LLP (2024 NY Slip Op 05143)

Payne v Rosenberg, Minc, Falkoff & Wolff, LLP

2024 NY Slip Op 05143

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ. 

Index No. 151952/22 Appeal No. 2853 Case No. 2023-04615 

[*1]Kamela Payne, Plaintiff-Appellant,
v
Rosenberg, Minc, Falkoff and Wolff, LLP, Defendant-Respondent.

Justine Clare Moran, Astoria, for appellant.
Furman Kornfeld & Brennan LLP, New York (Spencer A. Richards of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered September 5, 2023, which, inter alia, denied plaintiff's motion for a protective order, and directed plaintiff to fully respond to defendant's demand for medical authorizations and collateral source information, unanimously affirmed, without costs.
The court properly denied plaintiff's motion for a protective order, finding that plaintiff failed to meet her initial burden (see Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 403 [1st Dept 2018]). Plaintiff's legal malpractice cause of action concerns not only defendant's alleged failure to commence collection proceedings in a timely fashion against the named defendant in the underlying personal injury action, but also the failure to name an additional defendant who had an interest in the subject property. Contrary to plaintiff's contention, the requested materials may be relevant to assess whether plaintiff was likely to prevail against the unnamed defendant, and whether the unnamed defendant had any defenses as to liability or the amount of damages alleged (see generally Stawski v Pasternack, Popish & Reif, P.C., 54 AD3d 619, 620 [1st Dept 2008]). While the named defendant defaulted and plaintiff obtained a judgment against it, plaintiff has not established that the unnamed defendant would have defaulted or had no defenses.
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024