**Jewelers Mut. Ins. Co. v Forty Seventh Fifth Co. LLC**

2025 NY Slip Op 32915(U)

August 18, 2025

Supreme Court, New York County

Docket Number: Index No. 156554/2018

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. SABRINA KRAUS**                    PART              57M

*Justice*

-------------------------------------------------------------------------------X

JEWELERS MUTUAL INSURANCE COMPANY AS
SUBROGEE OF JAMES & COMPANY JEWELERS INC.,

|  |  |  |
|---|---|---|
| INDEX NO. | 156554/2018 |
| MOTION DATE | 03/14/2025 |
| MOTION SEQ. NO. | 004 |

        Plaintiff,

- v -

FORTY SEVENTH FIFTH COMPANY LLC, AND,
ALLSTATE SPRINKLER CORP.,

        Defendants.

**DECISION + ORDER ON
MOTION**

-------------------------------------------------------------------------------X

FORTY SEVENTH FIFTH COMPANY LLC, AND

        Plaintiff,

-against-

ROMAN MALAKOV DIAMONDS LTD, ROMAN MALAKOV
LLC, ELIZE INTERNATIONAL, INC. D/B/A ELIZE'S DIAMOND
& FINE JEWELRY, M &G DIAMONDS LLC D/B/A M.G.
DIAMOND

        Defendants.

Third-Party
Index No. 595884/2020

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122

were read on this motion to/for                JUDGMENT - SUMMARY        .

## BACKGROUND

On January 8, 2018, plaintiff's insured, James & Co sustained property damage to its

jewelry store located at 580-6 Fifth Avenue and 1-11 West 47th Street in Manhattan due to water

leaking from the ceiling of an adjacent tenant's store because of a failure of the fire protection

sprinkler system at the building.

**156554/2018   JEWELERS MUTUAL INSURANCE vs. FORTY SEVENTH FIFTH COMPANY**          **Page 1 of 5**
**Motion No.  004**

1 of 5

[* 1]

Plaintiff, reimbursed James & Co., for its losses and subsequently commenced this subrogation action against defendants, Forty Seventh Fifth Company LLC ("Forty Seventh") and Allstate Sprinkler Corp ("Allstate"), alleging negligence in causing the water leak.

Pursuant to a decision and order dated February 20, 2025, this Court awarded Forty Seventh summary judgment and dismissed the complaint against said defendant holding that plaintiff's claims were barred by the waiver of subrogation contained in the lease between James & Co. and Forty Seventh.

Allstate now moves for summary judgment seeking dismissal of the complaint and all crossclaims, and an order granting it reimbursement of defense costs and expenses incurred to date, and contractual indemnification from Forty Seventh.

The motion is denied for the reasons set forth below.

## DISCUSSION

Summary judgment is a drastic remedy reserved for those cases where there is no doubt as to the existence of material and triable issues of fact. *Sillman v Twentieth Century–Fox Film Corp.,* 3 NY2d 395, 404 (1957).

To prevail on a motion for summary judgment, the movant must establish, *prima facie*, its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact. CPLR 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25-26 (2019). If this burden is met, the opponent must offer evidence in admissible form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient." *Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 (2016), quoting *Gilbert Frank Corp. v Fed. Ins. Co.*, 70 NY2d 966, 967 (1988).

**156554/2018   JEWELERS MUTUAL INSURANCE vs. FORTY SEVENTH FIFTH COMPANY**   **Page 2 of 5**
   Motion No.  004

2 of 5

[* 2]

In deciding the motion, the evidence must be viewed in the "light most favorable to the opponent of the motion and [the court] must give that party the benefit of every favorable inference." *O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 (2017).

### *There are Questions of Fact Requiring Denial of Allstate's Motion as to the Complaint*

The Court finds that Allstate has failed to make out a *prima facie* showing of entitlement to judgment as a matter of law.

Forty Seventh was the landlord and entered a contract with Allstate to perform inspections of the fire suppression sprinkler system at 580 5th Avenue New York, New York 10036-2217 a/k/a 1 West 47th Street New York, New York 10036.

On January 8, 2018, property owned or held by James & Co. was damaged as a result of a freeze and burst of a pipe coupling on that part of the fire suppression sprinkler system located in a ground floor store in the building. The proprietor of the store in question was Roman Malakov Diamonds Ltd. ("Malakov"), another tenant at the building.

A finding of negligence requires a finding that defendant breached a duty it owes to plaintiff. *Kuti v. Sera Sec. Servs.*, 182 A.D.3d 401, 402 (1st Dept., 2020). A contractual duty generally does not give rise to third-party liability. However, third-party liability may be imposed where the tortfeasor has entirely displaced the other contracting party's duty to maintain safe premises, or where plaintiff detrimentally relies on the continued performance of the contracting party's duties (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]).

The sprinkler inspection contract at issue here is not the type of comprehensive and exclusive service agreement that would create a duty of care to noncontracting third parties. *All Am. Moving & Storage, Inc. v. Andrews*, 96 A.D.3d 674, 676 (1st Dept., 2012). However, given Allstate's admitted failure to inspect the sprinkler system in Malakov's space, despite its

**156554/2018  JEWELERS MUTUAL INSURANCE vs. FORTY SEVENTH FIFTH COMPANY**        **Page 3 of 5**
  **Motion No.  004**

[* 3]

3 of 5

contractual obligation to perform monthly inspections, issues of fact exist as to whether plaintiff detrimentally relied on Allstate's continued performance of its contractual duties. *Id* at 675. Allstate concedes it never inspected the pipes in Malakov's space. It asserts it had no obligation to make such an inspection because the pipe was in a concealed space. It bases this conclusion on the testimony of Adam Goodrich, Allstate's owner. The Court finds this testimony is insufficient as a matter of law to conclude that the pipe was in a concealed space and inaccessible. Additionally, assuming *arguendo* such conclusory testimony was sufficient, Plaintiff has submitted evidence raising an issue of fact on this point.

The Court finds factual issues exist as to whether Allstate was able to gain access to inspect the system and pipes in Malakov's space and whether Allstate thus breached its duty to inspect, and whether the breach was the proximate cause of the damages.

Given that triable issues of fact exist as to Allstate's negligence it is not entitled to summary judgment on its claim for contractual indemnification.

## <u>CONCLUSION</u>

WHEREFORE it is hereby:

ORDERED that the motion is denied in its entirety; and it is further

ORDERED that any relief not expressly addressed has nonetheless been considered and is hereby denied; and it is further

ORDERED that, within 20 days from entry of this order, plaintiff shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for*

**156554/2018   JEWELERS MUTUAL INSURANCE vs. FORTY SEVENTH FIFTH COMPANY**          **Page 4 of 5**
  **Motion No.  004**

4 of 5

[* 4]

*Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address

www.nycourts.gov/supctmanh).

This constitutes the decision and order of this court.

20250818105106SBKRAUS7CD4B39EE0044C3FB45B1525267DDAA4

| 8/18/2025 | | SABRINA KRAUS, J.S.C. |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156554/2018  JEWELERS MUTUAL INSURANCE vs. FORTY SEVENTH FIFTH COMPANY**          Page 5 of 5
**Motion No.  004**

5 of 5

[* 5]