Batista-Rosa v 1230 Franklin, LLC (2026 NY Slip Op 00078)

Batista-Rosa v 1230 Franklin, LLC

2026 NY Slip Op 00078

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Kern, J.P., Kennedy, Higgitt, O'Neill Levy, Chan, JJ. 

Index No. 30656/19|Appeal No. 5557|Case No. 2025-00741|

[*1]Juan Batista-Rosa, Respondent,
v1230 Franklin, LLC, et al., Appellants.

McMahon Martine & Gallagher, LLP, Brooklyn (Nick Serlin of counsel), for appellants.
The Law Office of Michael James Prisco PLLC, Massapequa (Michael J. Prisco of counsel), for respondent.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered January 17, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and denied defendants' cross-motion for summary judgment dismissing the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff testified that on the day of the accident he was connecting small pieces of pipe on the first floor and then carrying those assembled pieces up to the second floor. The sole means of access between the two floors was an interior staircase. Before the accident, plaintiff walked up the staircase to the second floor to retrieve additional pipe pieces. Plaintiff was injured when, on his way back down to the first floor he slipped on a piece of gray tube and fell down the staircase. Plaintiff also testified that there was always debris on the staircase, such as pieces of wood, metal, sheetrock, and blocks.
Not every fall down a staircase on a construction site establishes a Labor Law § 240(1) violation (see O'Brien v Port Auth. of N.Y. & N.J., 29 NY3d 27, 33 [2017]). However, under the facts of this case, plaintiff established that "the stairway was an elevated surface on which [he] was required to work, and also the sole means of access to his work area," therefore it constituted an enumerated safety device within the meaning of Labor Law § 240(1), "as well as an elevated work platform that required provision of an adequate safety device" (Conlon v Carnegie Hall Socy., Inc., 159 AD3d 655, 655 [1st Dept 2018]; see also Skydaniuk v ESRT Empire State Bldg., LLC, 238 AD3d 622, 622-623 [1st Dept 2025]). Defendants' failure to provide plaintiff with a safety device that was properly placed and operated to protect him from an elevation-related risk was in violation of Labor Law § 240(1), and this violation was a proximate cause of plaintiff's alleged injuries (see id.).
Defendants failed to raise an issue of fact in opposition. In fact, defendants' witness confirmed that there was only one staircase inside the building and that it connected the first and second floors. Moreover, the witness could not recall if, during his last onsite visit before the accident, he saw any debris on the stairs. Nor does defendants' characterizations of the staircase as a passageway or a permanent structure remove it from the reach of Labor Law § 240(1) (see Skydaniuk, 238 AD3d at 622; DaSilva v Toll GC LLC, 224 AD3d 540, 541 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026